**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ALYSSON MILLS, IN HER CAPACITY AS
RECEIVER FOR ARTHUR LAMAR ADAMS
AND MADISON TIMBER PROPERTIES,
LLC,**

        **Plaintiff,**

**vs.**                                                                  **CIVIL ACTION NO.
                                                                         3:19-cv-00196-CWR-FKB**

**BANKPLUS; BANKPLUS WEALTH
MANAGEMENT, LLC; GEE PATRIDGE,
VICE PRESIDENT AND CHIEF
OPERATING OFFICER OF BANKPLUS;
STEWART PATRIDGE; JASON COWGILL;
MARTIN MURPHREE; MUTUAL OF
OMAHA INSURANCE COMPANY; AND
MUTUAL OF OMAHA INVESTOR
SERVICES, INC.,**

        **Defendants.**

<u>**ANSWER AND AFFIRMATIVE DEFENSES OF GEE GEE PATRIDGE**</u>

        Gee Gee Patridge, by and through undersigned counsel, files this Answer and Affirmative

Defenses in response to the Complaint filed against her by Plaintiff Alysson Mills, in her

capacity as Receiver for Arthur Lamar Adams ("Adams") and Madison Timber Properties, LLC

("Madison Timber").

<u>**ANSWER**</u>

        Subject to and without waiving any of her affirmative defenses, Gee Gee Patridge

answers the allegations of the Receiver's Complaint, paragraph by paragraph, corresponding to

those in the Complaint.  All allegations of the Receiver's Complaint that are not expressly

admitted in this Answer are denied.  Gee Gee Patridge's admissions are confined to the exact

1

language in this Answer, and to the extent that any response varies from the wording of the allegations of the Complaint, those allegations are denied. Gee Gee Patridge denies all allegations and inferences contained in the headings and subheadings used in the Complaint.

## INTRODUCTION

The Receiver's allegations in the first two paragraphs are not directed toward Gee Gee Patridge and therefore do not require a response from her. To the extent a response is required from Gee Gee Patridge, she is without knowledge or information sufficient to form a belief as to the truth of the allegations in the Introduction, and, therefore, denies same, except as follows. Gee Gee Patridge admits that it is now apparent that Adams and Madison Timber operated a Ponzi scheme that defrauded lenders, including Gee Gee Patridge. Gee Gee Patridge further admits that she believed that Madison Timber used her money to purchase timber from landowners, sold the timber to lumber mills at a higher price, and repaid lenders their principal plus interest with the proceeds of those timber sales. Gee Gee Patridge denies the remaining allegations in the Introduction. Gee Gee Patridge specifically denies the third paragraph in the Introduction beginning with the words "Defendants substantially." Gee Gee Patridge specifically denies that she is liable to the debts of the Receivership estate to investors.

## JURISDICTION AND VENUE

1. The allegations of Paragraph 1 attempt to state legal conclusions to which no response is required from Gee Gee Patridge. To the extent a response is required, she admits the Court has jurisdiction over this action and parties, and that venue is proper in this Court. All allegations not expressly admitted are denied.

2. The allegations in Paragraph 2 are not directed to Gee Gee Patridge, and therefore do not require a response from her. To the extent a response is required from Gee Gee Patridge,

she admits that this action is related to a civil action pending before the Court styled *Securities and Exchange Commission v. Arthur Lamar Adams, Madison Timber Properties, LLC*; Civil Action No. 3:18-cv-252-CWR-FKB.  The pleadings in that action speak for themselves.  All allegations not expressly admitted are denied.

3.      The allegations in Paragraph 3 are not directed to Gee Gee Patridge and therefore do not require a response from her.  Further, the allegations in Paragraph 3 attempt to state legal conclusions to which no response is required by Gee Gee Patridge.  To the extent a response is required from Gee Gee Patridge, she denies that the Receiver has any claim against her.  All remaining allegations not expressly admitted are denied.

4.      The allegations in Paragraph 4 are not directed to Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required from Gee Gee Patridge, she states that the pleadings filed in the case styled *Securities and Exchange Commission v. Arthur Lamar Adams, Madison Timber Properties, LLC*; Civil Action No. 3:18-cv-252-CWR-FKB speak for themselves.  All allegations not expressly admitted are denied.

## PARTIES

5.      The allegations in Paragraph 5 are not directed to Gee Gee Patridge and therefore do not require a response from her.  Further, the allegations in Paragraph 5 attempt to state legal conclusions to which no response is required by Gee Gee Patridge.  To the extent a response is required from Gee Gee Patridge, she admits that Plaintiff Alysson Mills has been appointed by the Court as Receiver for the estates of Adams and Madison Timber.  Gee Gee Patridge denies the remaining allegations of Paragraph 5 to the extent they are inconsistent with the Court's Order, which speaks for itself.  Gee Gee Patridge denies the Receiver has standing to pursue claims against her.  All allegations not expressly admitted are denied.

6.     Gee Gee Patridge admits the allegations concerning BankPlus.

7.     Gee Gee Patridge admits the allegations of Paragraph 7.

8.     Gee Gee Patridge admits she is an adult resident citizen of Madison County, Mississippi, and further admits she is an Executive Vice President and the former Chief Financial Officer and current Chief Operating Officer of BankPlus.  Gee Gee Patridge denies all remaining allegations of Paragraph 8 not admitted.

9.     Gee Gee Patridge admits Stewart Patridge is an adult resident of Madison County, Mississippi.  She further admits that he worked for BankPlus in DeSoto County and also worked with Mutual of Omaha.  Gee Gee Patridge is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 as stated.

10.     The allegations of Paragraph 10 are not directed to Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required from Gee Gee Patridge, she is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 10 other than what is specifically admitted.  Gee Gee Patridge specifically admits Jason Cowgill was a former loan officer for BankPlus in one of BankPlus' Southaven, Mississippi, branch offices.

11.     The allegations of Paragraph 11 are not directed to Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required from Gee Gee Patridge, she is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 11 except what is specifically admitted herein.

12.     The allegations of Paragraph 12 are not directed to Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required, Gee Gee

Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore deny same.

13.     The allegations of Paragraph 13 are not directed to Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required, Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies same.

## MADISON TIMBER

14.     The allegations of Paragraph 14 are not directed to Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required from Gee Gee Patridge, she admits that it has been learned that Adams, through Madison Timber, operated a Ponzi scheme that purported to purchase timber from landowners and resell it to lumber mills at higher prices.  All allegations not expressly admitted are denied.

15.     The allegations of Paragraph 15 are not directed to Gee Gee Patridge and therefore do not require a response.  To the extent a response is required from Gee Gee Patridge, she is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies same.

16.     The allegations of Paragraph 16 are not directed to Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required from Gee Gee Patridge, she admits that she believed Madison Timber would use the loans to acquire timber deeds and cutting agreements; that Madison Timber would sell the timber to lumber mills at a higher price; and that Madison Timber would use proceeds of these sales to repay the lenders principal plus interest.  All allegations not expressly admitted are denied.

17.     The allegations in Paragraph 17 are not directed to Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required from Gee Gee Patridge, she admits that lenders received promissory notes in the amount of their loans, payable in twelve monthly installments together with promised interest.  She further admits the lenders received twelve pre-dated checks, each in the amount of the installment due under the promissory note.  She admits that lenders received a timber deed and cutting agreement by which a named landowner purported to grant to Madison Timber the rights to harvest timber on the land described in the deed and by which Madison Timber purported to grant its rights to the lender.  All allegations not expressly admitted are denied.

18.     The allegations in Paragraph 18 are not directed to Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required from Gee Gee Patridge, she admits upon information and belief that most, if not all, of the timber deeds and cutting agreements have been deemed to be fraudulent.  Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph 18 and therefore denies same.  All allegations not expressly admitted are denied.

19.     The allegations of Paragraph 19 are not directed to Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required from Gee Gee Patridge, she is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies all allegations.

20.     The allegations in Paragraph 20 are not directed to Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required from Gee Gee Patridge, she is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies same.

21.     The allegations in Paragraph 21 are not directed to Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required from Gee Gee Patridge, she admits that Adams turned himself in to authorities on April 19, 2018.  Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies same.

22.     The allegations in Paragraph 22 are not directed to Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required from Gee Gee Patridge, she admits the allegations in Paragraph 22, upon information and belief.

23.     The allegations of Paragraph 23 are not directed toward Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required from Gee Gee Patridge, she admits the allegations in Paragraph 23, upon information and belief.

24.     The allegations of Paragraph 24 attempt to state a legal conclusion to which no response is required by Gee Gee Patridge.  To the extent a response is required by Gee Gee Patridge, she is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies same.

25.     Some of the allegations in Paragraph 25 are not directed to Gee Gee Patridge and therefore do not require a response from her.  Further, the allegations of Paragraph 25 attempt to state legal conclusions to which no response is required by Gee Gee Patridge.  To the extent a response is required from Gee Gee Patridge, she denies all allegations in Paragraph 25.

26.     The allegations in Paragraph 26 attempt to state legal conclusions to which no response is required by Gee Gee Patridge.  To the extent a response is required from Gee Gee Patridge, she denies the allegations of Paragraph 26.

## BANKPLUS

27.     Denied.

**The introduction**

28.     Gee Gee Patridge admits that in January of 2011, she was the Chief Financial Officer of BankPlus and worked in BankPlus' Ridgeland, Mississippi, headquarters.  Patridge further admits that her son Stewart worked with BankPlus in one of their DeSoto County, Mississippi branch offices.  Gee Gee Patridge denies the remaining allegations not specifically admitted.

29.     Patridge admits that Stewart Patridge and Wayne Kelly were childhood friends. Gee Gee Patridge would state that any allegations in the Complaint and the action *Mills v. Billings* speak for themselves.  Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 29, and therefore denies those allegations.

30.     Gee Gee Patridge admits that Wayne Kelly introduced Gee Gee and her husband, Jimmy, to Adams and Madison Timber no later than January 2011.  Patridge further admits that she and her husband invested in Madison Timber in February 2011, and made additional investments through 2014 and received payments from Madison Timber until July 2015. Patridge denies the remaining allegations of Paragraph 30 not specifically admitted.

31.     Gee Gee Patridge is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 31, and therefore denies all allegations of Paragraph 31.

32.     Gee Gee Patridge admits that on or about August 2011, Stewart left BankPlus and began with Mutual of Omaha.  Gee Gee Patridge further admits that Martin Murphree was his

friend.  Gee Gee Patridge further admits that Martin Murphree and Stewart worked with BankPlus in DeSoto County on or about 2009.  Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32, and/or denies all remaining allegations of Paragraph 32 not specifically admitted.

### A Madison Timber headquarters in DeSoto County

33.    Denied.

34.    Denied.

35.    Gee Gee Patridge is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 35, and therefore denies the allegations of Paragraph 35.

36.    Gee Gee Patridge is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 36, and therefore denies the allegations of Paragraph 36.

37.    Denied.

### A "referral" from BankPlus in Jackson

38.    Denied.

39.    Gee Gee Patridge admits she made fourteen investments in Madison Timber.  Gee Gee Patridge further admits that she was a friend of not only Wayne Kelly, but Wayne Kelly's parents.  Gee Gee Patridge further admits that she made bank deposits for her sister.  She further admits that her sister lost her money in Madison Timber's collapse on April 19, 2018.  Gee Gee Patridge further admits that Wayne Kelly had a bank account at BankPlus.  Gee Gee Patridge denies the remaining allegations of Paragraph 39, not specifically admitted.

40.    Denied.

41.     Denied.

42.     Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 42.

**A handoff with assistance from BankPlus**

43.     Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and therefore these allegations are denied.

44.     Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 44, and therefore these allegations are denied.

45.     Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 45, and therefore these allegations are denied.

46.     Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 46, and therefore these allegations are denied.

47.     Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 47, and therefore these allegations are denied.

48.     Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and therefore these allegations are denied.

49.     Two or three years after Stewart Patridge left BankPlus, Gee Gee Patridge admits that Stewart Patridge was going through a difficult time, and she assisted in setting up an answering service to answer Stewart's calls.  Gee Gee Patridge is without knowledge or information sufficient to form a belief as to the truth of the allegations quoted in Paragraph 49, and therefore denies those allegations.  Gee Gee Patridge is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations of Paragraph 49.

50.     Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 50, and therefore these allegations are denied.

51.     Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 51, and therefore these allegations are denied.

52.     Denied.

53.     Gee Gee Patridge admits that after Stewart left BankPlus, Wayne Kelly gave her one or more commission checks which she gave to Stewart Patridge.  Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 53 and therefore denies them.

54.     Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and therefore these allegations are denied.

55.     Gee Gee Patridge admits that Jason Cowgill left BankPlus.  She is without information or knowledge sufficient to admit or deny the remaining allegations of Paragraph 55, and therefore denies the allegations.

**Red flags**

56.     Gee Gee Patridge is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 56, and therefore denies the allegations.

57.     Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 57 stating, "nevertheless, for all the time that they sold Madison Timber investments, neither Stewart, Cowgill nor Murphree . . . independently confirmed that the timber underlying Madison Timber investments was real" and therefore denies these allegations.  The phrase in Paragraph 57 stating, "nor Gee Gee Patridge, upon whose importance others rely," Gee Gee Patridge would answer that as an investor she did not

11

independently confirm the underlying Madison Timber investments were real.  Patridge further denies that she sold any Madison Timber investments and further denies the remaining allegations in Paragraph 57 that have not been admitted.

58.     Gee Gee Patridge would respond to Paragraph 58 that it is unclear who these allegations are directed towards.  If these allegations are directed toward Gee Gee Patridge, or could be deemed to be directed toward Gee Gee Patridge, then Patridge would state that as an investor she did not do any due diligence concerning her investment.   She is without information or knowledge sufficient to form a belief as to the truth of what Stewart, Cowgill or Murphree did or should have done concerning any due diligence.  Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations a through g under Paragraph 58, and therefore denies those allegations.  Patridge specifically denies any allegations not admitted in Paragraph 58.

**BankPlus's knowledge**

59.     Denied.

60.-67.    Paragraphs 60-67 of the Receiver's Complaint are not directed toward Gee Gee Patridge and, therefore, do not require a response from her.  To the extent a response is required, Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 60-67 and therefore denies same.

68.-69.    Denied.

70.     Patridge admits she made deposits for her sister who was an investor.  Patridge admits her sister lost her investment when Madison Timber collapsed.  Patridge denies the remaining allegations of Paragraph 70.

71.    Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 71 and therefore denies same.

**BankPlus's silence**

72.    Denied.

73.-74.    Paragraphs 73-74 of the Receiver's Complaint are not directed toward Gee Gee Patridge and therefore, do not require a response from her.  To the extent a response is required from Gee Gee Patridge, she is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 73-74 and would deny same.

## MUTUAL OF OMAHA

75.-81.    Paragraphs 75-81 of the Receiver's Complaint are not directed toward Gee Gee Patridge and therefore, do not require a response from her.  To the extent a response is required from Gee Gee Patridge, she is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 75-81 and therefore denies those allegations.

## COUNT I

### FOR CIVIL CONSPIRACY AGAINST ALL DEFENDANTS

82.    Gee Gee Patridge incorporates herein by reference each of her responses to the Receiver's Complaint.

83.    The allegations of Paragraph 83 attempt to state legal conclusions to which no response is required by Gee Gee Patridge.  To the extent a response is required by Gee Gee Patridge to the allegations of Paragraph 83, she denies same.

84.    Denied.

85.    Denied.

86.    Gee Gee Patridge admits that Madison Timber has been determined to be a Ponzi

scheme.  Gee Gee Patridge affirmatively states that she never knew Adams was a fraud, she never knew Madison Timber was a Ponzi scheme, and she never acted with any unlawful purpose.  All allegations not expressly admitted are denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

## COUNT II

## FOR AIDING AND ABETTING AGAINST ALL DEFENDANTS

95. Gee Gee Patridge incorporates herein by reference each of her above responses to the Receiver's Complaint.

96. The allegations of Paragraph 96 attempt to state legal conclusions to which no response is required by Gee Gee Patridge.  To the extent a response is required by Patridge, the allegations in Paragraph 96 are denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102.    Denied.

103.    Denied.

## COUNT III

### FOR RECKLESSNESS, GROSS NEGLIGENCE, AND AT A MINIMUM NEGLIGENCE AGAINST ALL DEFENDANTS

104.    Gee Gee Patridge incorporates herein by reference each of her above responses to the Receiver's Complaint.

105.    The allegations in Paragraph 105 attempt to state legal conclusions to which no response is required by Gee Gee Patridge.  The extent a response is required by Gee Gee Patridge to the allegations in Paragraph 105, she denies all allegations.

106.    The allegations in Paragraph 106 attempt to state a legal conclusion to which no response is required by Gee Gee Patridge.  To the extent a response is required by Gee Gee Patridge, she denies all allegations of Paragraph 106.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

## COUNT IV

### FOR VIOLATIONS OF MISSISSIPPI FRAUDULENT TRANSFER ACT AGAINST STEWART PATRIDGE, JASON COWGILL, AND MARTIN MURPHREE

114.-118.     The allegations of Paragraphs 114 through 118 are not directed toward Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required from Gee Gee Patridge to Paragraphs 114 through 118, Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of those allegations, and therefore denies all allegations in Paragraphs 114 through 118.

### COUNT V

### FOR VIOLATIONS OF MISSISSIPPI'S RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT AGAINST BANKPLUS

119.-127.     The allegations of Paragraphs 119 through 127 are not directed toward Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required from Gee Gee Patridge to Paragraphs 119 through 127, Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of those allegations, and therefore denies all allegations in Paragraphs 119 through 127.

### COUNT VI

### FOR NEGLIGENT RETENTION AND SUPERVISION AGAINST BANKPLUS AND BANKPLUS WEALTH MANAGEMENT, LLC; AND AGAINST MUTUAL OF OMAHA INSURANCE COMPANY AND MUTUAL OF OMAHA INVESTOR SERVICES, INC.

128.-137.     The allegations of Paragraphs 128 through 137 are not directed toward Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required from Gee Gee Patridge to Paragraphs 128 through 137, Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of those allegations, and therefore denies all allegations in Paragraphs 128 through 137.

**LIABILITY OF BANKPLUS FOR BANKPLUS WEALTH MANAGEMENT, LLC**

138.-140.    The allegations of Paragraphs 138 through 140 are not directed toward Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required from Gee Gee Patridge to Paragraphs 138 through 140, Gee Gee Patridge is without knowledge and information sufficient to form a belief as to the truth of those allegations, and therefore denies all allegations in Paragraphs 138 through 140.

**LIABILITY OF MUTUAL OF OMAHA INSURANCE COMPANY FOR
MUTUAL OF OMAHA INVESTOR SERVICES, INC.**

141.-143.    The allegations of Paragraphs 141 through 143 are not directed toward Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required from Gee Gee Patridge to Paragraphs 141 through 143, Gee Gee Patridge is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies all allegations in Paragraphs 141 through 143.

**BANKPLUS'S VICARIOUS LIABILITY**

144.    Denied.

145.    Denied.

**MUTUAL OF OMAHA'S VICARIOUS LIABILITY**

146.-147.    The allegations of Paragraphs 146 through 147 are not directed toward Gee Gee Patridge and therefore do not require a response from her.  To the extent a response is required from Gee Gee Patridge to Paragraphs 146 through 147, Gee Gee Patridge is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies all allegations in Paragraphs 146 through 147.

Gee Gee Patridge denies the allegations contained in the unnumbered Paragraph on page 36 of the Receiver's Complaint, beginning with "WHEREFORE" and denies each of the

numbered paragraphs, 1, 2, and 3.  Gee Gee Patridge denies the Receiver is entitled to relief requested or to any relief whatsoever from Gee Gee Patridge.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Receiver's Complaint fails to state a claim against Gee Gee Patridge for which relief can be granted. Therefore, the Receiver's claims against Gee Gee Patridge should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

The Receiver's claims against Gee Gee Patridge are barred by the doctrine of *in pari delicto*. The Receiver stands in the shoes of Adams and Madison Timber, the primary wrongdoers who controlled the Ponzi scheme that duped hundreds of people, including Gee Gee Patridge. Accordingly, the Receiver cannot seek damages or contribution from Gee Gee Patridge.

### THIRD AFFIRMATIVE DEFENSE

The Receiver's claims against Gee Gee Patridge are barred because the Receiver lacks standing to pursue claims on behalf of anyone other than Adams and Madison Timber.

### FOURTH AFFIRMATIVE DEFENSE

The Receiver's claims against Gee Gee Patridge are barred because she did not owe any legal duty to Adams or Madison Timber, and she did not breach any legal duty allegedly owing to Adams or Madison Timber.

### FIFTH AFFIRMATIVE DEFENSE

The Receiver's claims against Gee Gee Patridge are barred by the acts and omissions of Adams and Madison Timber; the acts and omissions of the representatives and agents of Adams

and Madison Timber; and the acts and omissions of others for whom Gee Gee Patridge is not responsible. Gee Gee Patridge is not directly or proximately responsible for any damages that Adams and Madison Timber might have allegedly suffered. The Receiver's claims against Gee Gee Patridge are barred because Gee Gee Patridge complied at all times with all applicable standards of care.

**SIXTH AFFIRMATIVE DEFENSE**

The Receiver's claims against Gee Gee Patridge are barred by the doctrines of contributory negligence, comparative fault, waiver, estoppel, failure of consideration, fraud, illegality, release, payment, accord and satisfaction, assumption of the risk, unclean hands, and by the failure of Adams and Madison Timber to mitigate their damages.

**SEVENTH AFFIRMATIVE DEFENSE**

The Receiver's claims against Gee Gee Patridge are barred because the Receiver failed to plead items of special damage and alleged fraud with sufficient particularity.

**EIGHTH AFFIRMATIVE DEFENSE**

The Receiver's claims against Gee Gee Patridge for punitive damages are barred: (a) By the Eighth Amendment to the United States Constitution and Section 28 of the Mississippi Constitution; (b) By the Fifth and Fourteenth Amendments to the United States Constitution prohibiting substantive and procedural due process violations; as well as by Section 14 of the Mississippi Constitution; (c) By the Fourteenth Amendment to the United States Constitution guaranteeing equal protection under the laws; (d) By the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution and Sections 14, 17, 26, and 28 of the Mississippi Constitution to the extent such sanctions are attempted to be imposed without requiring the burden of proof to be beyond a reasonable doubt; (e) By the provisions of *Miss. Code Ann.* § 11-

1-65; and (f) By the holdings of *United States Supreme Court in BMW v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm v. Campbell*, 538 U.S. 408 (2003). Moreover, the Receiver's Complaint fails to state a claim against Gee Gee Patridge upon which relief can be granted for punitive damages, the Receiver cannot prove the facts necessary under applicable law to substantiate an award of punitive damages, and therefore Gee Gee Patridge affirmatively denies that she is liable to Adams and Madison Timber for punitive damages.

## NINTH AFFIRMATIVE DEFENSE

The Receiver's claims against Gee Gee Patridge are barred because the Receiver has not alleged, and the Receiver cannot show, that Gee Gee Patridge knew of Adams's fraud or that Madison Timber was a fraudulent scheme.

## TENTH AFFIRMATIVE DEFENSE

The Receiver's claims against Gee Gee Patridge are barred for the reasons set forth in Gee Gee Patridge's Motion to Dismiss and Memorandum in Support of the same, which are being filed simultaneously with this Answer and Affirmative Defenses and are incorporated by reference as if set forth in full.

## ELEVENTH AFFIRMATIVE DEFENSE

As discovery has not been completed in this matter, Gee Gee Patridge affirmatively pleads all applicable defenses available under Rules 12(b) and 8(c) of the Federal Rules of Civil Procedure, including but not limited to: insufficiency of process, insufficiency of service of process, failure to join a party under Rule 19, arbitration and award, assumption of the risk, coercion, duress, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, res judicata, collateral estoppel, business judgment rule, statute of frauds, statute of

limitations, offset, contribution, waiver, indemnity, failure to give full and proper notice, release, payment, willful concealment of facts, unconscionability, unconstitutionality of punitive damages, and any other matter constituting an avoidance or affirmative defense.

## TWELFTH AFFIRMATIVE DEFENSE

Gee Gee Patridge reserve the right to assert, and hereby gives notice that she intends to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this action and hereby reserve the right to amend this responsive pleading to assert such defenses.

AND NOW, having fully answered each and every allegation of the Receiver's Complaint filed against her, Gee Gee Patridge respectfully requests this Court to dismiss the Receiver's claims against her with prejudice, taxing all costs against the Receiver and awarding Gee Gee Patridge her reasonable attorneys' fees and expenses incurred in defending this lawsuit. Gee Gee Patridge also requests such other and further relief as the Court deems just and proper.

Respectfully submitted this, the 21st day of May, 2019.

**GEE GEE PATRIDGE**

 /s/  Robert P. Thompson
ROBERT P. THOMPSON

OF COUNSEL:
ROBERT P. THOMPSON, MSB #8188
LAURA W. GIVENS, MSB. #104189
McAngus, Goudelock and Courie, LLC
P. O. Box 2955 (39158)
1020 Highland Colony Parkway, Suite 706
Ridgeland, Mississippi 39157
(601) 427-7511
(601) 510-9525 (Fax)
bobby.thompson@mgclaw.com
laura.givens@mgclaw.com

JAY M. ATKINS, MSB #100513; TN #21371
McAngus, Goudelock and Courie, LLC
119 North 9th Street
Oxford, Mississippi 38655
(662) 281-7828
(662) 259-8460 (Fax)
jay.atkins@mgclaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of Court using the ECF system which sent notifications of service to all counsel of record.

This the 21st day of May, 2019.

/s/  Robert P. Thompson
ROBERT P. THOMPSON