**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ALYSSON MILLS, IN HER CAPACITY AS
RECEIVER FOR ARTHUR LAMAR
ADAMS AND MADISON TIMBER
PROPERTIES, LLC,**

      **Plaintiff,**

**vs.**

**BANKPLUS; BANKPLUS WEALTH
MANAGEMENT, LLC; GEE GEE
PATRIDGE, VICE PRESIDENT AND
CHIEF OPERATING OFFICER OF
BANKPLUS; STEWART PATRIDGE;
JASON COWGILL; MARTIN
MURPHREE; MUTUAL OF OMAHA
INSURANCE COMPANY; AND MUTUAL
OF OMAHA INVESTOR SERVICES, INC.,**

      **Defendants.**

**CIVIL ACTION NO.
3:19-cv-00196-CWR-FKB**

**ORAL ARGUMENT
REQUESTED**

**MEMORANDUM OF LAW IN SUPPORT OF
GEE GEE PATRIDGE'S MOTION TO DISMISS**

ROBERT P. THOMPSON, MSB #8188
LAURA W. GIVENS, MSB. #104189
McAngus, Goudelock and Courie, LLC
P. O. Box 2955 (39158)
1020 Highland Colony Parkway, Suite 706
Ridgeland, Mississippi 39157
(601) 427-7511
(601) 510-9525 (Fax)
bobby.thompson@mgclaw.com
laura.givens@mgclaw.com

JAY M. ATKINS, MSB #100513; TN #21371
McAngus, Goudelock and Courie, LLC
119 North 9th Street
Oxford, Mississippi 38655
(662) 281-7828
(662) 259-8460 (Fax)
jay.atkins@mgclaw.com

**TABLE OF CONTENTS**

INTRODUCTION…………………………………………………………………………  1

FACTUAL BACKGROUND……………………………………………………………  2

STANDARD OF REVIEW…………………………………………………………..  4

ARGUMENT……………………………………………………………………………  4

   I.    The Receiver has not stated a claim for civil conspiracy………………………  4

   II.   The Receiver has not stated a claim for aiding and abetting……………………  7

   III.  The Receiver fails to plead recklessness, gross negligence, and
        negligence …………………………………………………………………  10

   IV.  The affirmative defense of *in pari delicto* bars the Receiver's claims
        against Gee Gee Patridge …………………………………………………  11

CONCLUSION……………………………………………………………………  15

## INTRODUCTION

The Receiver asserts three causes of action against Gee Gee Patridge: (1) civil conspiracy; (2) aiding and abetting; and (3) negligence, gross negligence, and recklessness. Civil conspiracy requires that the defendant have actual knowledge of the unlawful acts. Mississippi does not recognize a claim for aiding and abetting; but in jurisdictions that do, actual knowledge is also an essential element of the claim. One of the glaring deficiencies in the Complaint is a lack of any factual assertions to show that Gee Gee had actual knowledge of any wrongdoing. Instead, the Receiver suggests that Gee Gee "knew or should have known" Madison Timber was a Ponzi scheme in light of some "red flags" that were also available to all lenders who gave money to Adams and Madison Timber. "Red flags" are insufficient to show actual knowledge of fraud. Further, one cannot agree to the commission of a wrong if she does not know of the wrong.

In addition to the lack of a viable cause of action and the lack of factual assertions of actual knowledge of fraud, the Receiver also fails to allege actions of Gee Gee Patridge that would amount to "substantial assistance," as required for an aiding and abetting claim. Even if all the factual allegations were true (which they are not) the alleged conduct would not constitute substantial assistance to the commission of fraud.

As to the Receiver's negligence claims against Gee Gee Patridge, it is the Receiver's burden to establish a duty owed by Gee Gee to Madison Timber and Lamar Adams. The Receiver has failed to plead any duty owed by Gee Gee to Madison Timber and Lamar Adams, because no such duty exists. Without a duty, there is no actionable negligence.

Finally, the affirmative defense of *in pari delicto* bars the Receiver from recovering on behalf of the actual wrongdoers, Madison Timber and Lamar Adams, in whose shoes she stands.

## FACTUAL BACKGROUND[1]

Adams and Madison Timber operated a Ponzi scheme that defrauded investors, including Gee Gee Patridge. Gee Gee believed that Madison Timber used her money, as well as other investors' money, to purchase timber from landowners, sell the timber to lumber mills at a higher price, and repay investors their principal plus interest with the proceeds of those timber sales. Adams pleaded guilty to the federal crime of wire fraud and admitted to the entire scheme and artifice to defraud. Compl. ¶22. On October 18, 2018, Adams was sentenced to a term of imprisonment of 235 months. *Id*. The S.E.C. separately charged Adams with violations of the Securities Act of 1933 and Securities & Exchange Act of 1934. Compl. ¶23. Gee Gee never knew Adams was a fraud, she never knew Madison Timber was a Ponzi scheme, and she never acted with any unlawful purpose.

Gee Gee Patridge was Chief Financial Officer for BankPlus from 1993 to 2012. Compl. ¶8. In 2012 Gee Gee Patridge became Chief Operations Officer for BankPlus. *Id*.[2]

Gee Gee Patridge was a friend of Wayne Kelly and knew Wayne Kelly's parents since the second grade. Wayne Kelly introduced Gee Gee and her husband, Jimmy Patridge, to Adams and Madison Timber around January 2011. Compl. ¶30. Gee Gee and Jimmy invested in Madison Timber beginning in February 2011 and made additional investments through 2014. *Id*. As an investor, Gee Gee did not independently confirm the underlying Madison Timber investments were real.

---

[1] The factual allegations in the Complaint must be taken as true for purposes of a motion to dismiss. Gee Gee Patridge does not concede that any factual allegation in the Complaint is true, except as specifically stated in her Answer to the Complaint.

[2] Paragraph 8 of the Complaint misidentifies Gee Gee as the Chief Operating Officer.

The Receiver alleges Gee Gee Patridge helped Kelly "recruit" investors and "facilitated" investments of another investor. Compl. ¶38-39. Gee Gee Patridge, who worked at BankPlus, only made deposits at BankPlus for her sister, who was an investor. Gee Gee's sister lost her money in Madison Timber's collapse on April 19, 2018. Compl. ¶70. Gee Gee Patridge never sold any Madison Timber investments and never received any commissions related to Madison Timber investments. The Complaint does not allege otherwise.

The Receiver alleges that in 2013 Gee Gee Patridge told Wayne Kelly she would, "be 'glad' to serve as a 'referral contact' for new potential investors." Compl. ¶39-40. The Receiver alleges that in 2013 Gee Gee Patridge told another investor that she was also an investor. Compl. ¶40. The Receiver alleges Gee Gee Patridge was on a "referral list" prepared by Adams and Kelly. Compl. ¶40-42. However, Gee Gee did not give her permission to be on a referral list, nor was she aware of such a list; and the Complaint does not allege otherwise.

The Receiver alleges that in 2013 Gee Gee Patridge provided Wayne Kelly contact information of Stewart's investors and that she contacted an answering service about Stewart's calls. Compl. ¶49. The Receiver alleges that in 2014 Kelly told Gee Gee that he would leave checks for Stewart at the front desk of Gee Gee's office. Compl. ¶53.

The Receiver alleges that in July 2015, Gee Gee Patridge instructed BankPlus employees to complete a wire transfer from Wayne Kelly's personal account. Compl. ¶68. The Receiver alleges that in April and May 2016, Gee Gee provided Kelly his banking statements per his request. Compl. ¶69.

The Complaint does not allege that Gee Gee Patridge actually knew about fraud, agreed to assist in fraud, sold investments, received commissions, or received any benefit from the alleged tortious conduct, because she did not. The Receiver only alleges that all defendants failed

3

to conduct due diligence and ignored red flags, which were also available to all investors. Compl. ¶58. The alleged "red flags" included returns that were "uniform" and "consistent" and forged signatures on the timber deeds.  *Id*. Red flags do not constitute actual knowledge of fraud.

Even taking the allegations in the Complaint as true, the allegations are insufficient to support the Receiver's claims against Gee Gee Patridge for civil conspiracy, aiding and abetting, and negligence, gross negligence and recklessness.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. at 555. Bare assertions and legal conclusions are not entitled to be assumed true and are insufficient to defeat a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). There must be well pled factual allegations to support a legal conclusion. *Id*. at 679.

## ARGUMENT

**I.**      **The Receiver has not stated a claim for civil conspiracy.**

The Receiver fails to plead a claim against Gee Gee Patridge for civil conspiracy.  "A conspiracy is an agreement between two or more persons for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully." *Bradley v. Kelley Bros. Contrs., Inc.*, 117 So. 3d 331, para. 31 (Miss. App. 2013)(citing *Braddock Law Firm, PLLC* v. *Becnel*, 949 So. 2d 38, ¶20 (Miss. Ct. App. 2006)(*Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, ¶37 (Miss. 2004)). To establish a civil conspiracy, the plaintiff must prove (1) an agreement between two or more persons, (2) to accomplish an unlawful purpose or a lawful purpose unlawfully, (3) an overt act in furtherance of the conspiracy, (4) and damages to the plaintiff as a proximate result.

4

*Gallagher Bassett Servs.*, 887 So. 2d at 777, para. 37 (Miss. 2004); *Taylor v. S. Farm Bureau Cas. Co.*, 954 So. 2d 1045, ¶14 (Miss. Ct. App. 2007); *see also* 16 Am. Jur. 2d *Conspiracy* § 51 (2009).

A. **The Receiver has not plead that Gee Gee Patridge had knowledge of the fraud or agreed to participate in the fraud.**

For a civil conspiracy to arise, the alleged confederates must be aware of the fraud or wrongful conduct at the beginning of the agreement. *Bradley*, 117 So. 3d at para. 32 (citing 16 Am. Jur. 2d *Conspiracy* § 51). "An agreement between the parties must be established." *Bradley*, 117 So. 3d at para. 32 (citing 16 Am. Jur. 2d *Conspiracy* § 51). One without knowledge of the object and purpose of a conspiracy cannot be a co-conspirator; he cannot agree, either expressly or tacitly, to the commission of a wrong which she knows not of. *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 857 (Tex. 1968). "One of the essential elements required to establish a civil conspiracy is 'a meeting of the minds on the object or course of action.' And, of course, one without knowledge of a conspiratorial plan or scheme to injure another by the commission of a particular wrong cannot share the intent to injure such other." *Id.* (citing 15A C.J.S. *Conspiracy* § 1(2)).

The Receiver does not state that Gee Gee Patridge actually knew of the fraud, but only that the defendants, "knew or should have known" in view of the "red flags." Compl. ¶89. The Receiver alleges that, "Defendants agreed to assist Adams and Kelly by recruiting new investors to Madison Timber." Compl. ¶85. The Receiver further alleges that, "Madison Timber was a Ponzi scheme; therefore Defendants and Adams and Kelly's purpose was unlawful." Compl. ¶86. However, the Receiver does not allege that Gee Gee Patridge agreed to the unlawful purpose, which is an essential element of civil conspiracy. Even if there was an agreement to

recruit (which there was not) and an underlying unlawful purpose, Gee Gee was unaware of the Ponzi scheme and the Receiver has not plead otherwise.

Further, if the Receiver had concluded that Gee Gee Patridge knew of or agreed to fraud, a bare assertion that a person "knew" of fraud is a legal conclusion, which is insufficient to defeat a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). There must be well pled factual allegations to support a legal conclusion. *Id.* at 679

Although civil conspiracy can be established through circumstantial evidence, inferences must be within the range of reasonable probability and cannot "rest merely on speculation and conjecture." *Midwest Feeders, Inc. v. Bank of Franklin,* 886 F. 3d 507, 520-521 (5th Cir.2018). Piling "inference upon inference" that a party knew of fraud and agreed to conspire is insufficient. *Id.* at 521. Yet, speculation and conjecture is the essence of the Receiver's Complaint. The Receiver merely alleges that the defendants, "did not independently confirm that the timber underlying Madison Timber investments was real," "failed to conduct any reasonable due diligence," and "recklessly ignored" "red flags." Compl. ¶¶57-58.

The Complaint is wholly devoid of any factual allegations, circumstantial or otherwise, to support a claim that Gee Gee Patridge actually knew of any fraud or agreed with others to perpetuate fraud. The "red flags" cited by the Receiver would have been available to all investors and are insufficient to assign knowledge of the Ponzi scheme to Gee Gee Patridge. Other courts have held that "red flags" are insufficient for pleading actual knowledge of fraud. *See Litson-Greunber v. JPMorgan Chase & Co.*, No. 7:09-CV-056-0, 2009 U.S. Dist. LEXIS 117749, at *5-8 (N.D. Tex. Dec. 16, 2009)(Artful pleading of merely a story of suspicious activity that the plaintiff contended should have provided the defendant notice of the Ponzi scheme actions was insufficient to establish actual knowledge); *Rosner v. Bank of China*, No. 06 cv 13562, 2008 U.S.

Dist. LEXIS 105984 (S.D.N.Y. Dec. 18, 2008) (Plaintiff must plead facts that give rise to a sufficiently strong inference of actual knowledge and "red flags" or warning signs indicating fraud's existence are insufficient) *aff'd* 349 Fed. Appx. 637 (2d Cir. 2009); *Chemtex, LLC v. St. Anthony Enters.*, 490 F. Supp. 2d 536, 547 (S.D.N.Y. 2007)(alleged warnings signs of fraud do not adequately allege actual knowledge); *El Camino Res. Ltd. v. Huntington Nat'l Bank*, 712 F.3d 917, 920-921, 923 (6th Cir. 2013)("red flags" associated with an account were insufficient to show the bank had actual knowledge of fraud).

### B.     The Receiver has not identified an underlying tort for civil conspiracy.

The Receiver does not identify an underlying tort, as required in a claim for civil conspiracy. *Fikes v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 815, 822 (N.D. Miss. 2011). The Receiver only states that all defendants "conspired with Adams and Kelly to commit the tortious acts alleged in this complaint." Compl. ¶84. Without identifying the "tortious acts," the Complaint fails to state a cause of action for civil conspiracy and should be dismissed.

## II.     The Receiver has not stated a claim for aiding and abetting.

Mississippi does not recognize the tort of aiding and abetting; and therefore, the Court should dismiss Count II. *In re Evans*, 467 B.R. 399, 409 (Bankr. S.D. Miss. 2011). This Court in *Dale* made an *Erie* determination predicting that a claim for aiding and abetting under Restatement (Second) of Torts Section 876(b) is viable in Mississippi. *Dale v. ALA Acquisitions, Inc.*, 203 F. Supp. 2d 694 (S.D. Miss. 2002). However, the Fifth Circuit has stated, "a federal court exceeds the bounds of its legitimacy in fashioning novel causes of action not yet recognized by the state courts." *In re DuPuy Orthopaedics, Inc., Pinnacle Hip Implant Prods. Liability Lit.*, 888 F. 3d 753, 781 (5th Cir. 2018). The Fifth Circuit stated that *Erie* authorizes federal courts to wager a guess about how the state court might fill the spaces of existing

doctrinal frame-works, but not to invent a new framework. *Id*. at 781. The Fifth Circuit in *DuPuy* ruled that the defendant was entitled to a judgment as to the aiding and abetting claim under Restatement (Second) 876(b) because the Texas Supreme Court had not expressly decided whether Texas recognizes a cause of action for aiding and abetting; and therefore, such a cause of action did not exist. *Id*.

### A.     The Receiver fails to plead actual knowledge and agreement.

Even assuming that a claim for aiding and abetting exists under Mississippi law, the Receiver must plead facts to show that Gee Gee Patridge knew that Madison Timber was a Ponzi scheme and that she gave substantial assistance or encouragement to the tortious conduct. The Restatement Second states that, "For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he . . . (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself." Restatement (Second) of Torts, § 876(b) (Am. Law Inst. 1979).

Like a claim for civil conspiracy, the tort of aiding and abetting requires actual knowledge of the fraud. The Receiver does not conclude that Gee Gee Patridge actually knew Madison Timber was a Ponzi scheme. Instead, the Receiver alleges that, "Defendants aided and abetted Adams and Kelly in committing breaches of duties owed by them to Madison Timber and in other tortious conduct alleged in this complaint." Compl. ¶97. The Receiver does not allege actual knowledge, but only alleges that in view of the "numerous red flags" the defendants, "knew or should have known that Madison Timber was a Ponzi scheme." Compl. ¶98.

Further, The Receiver's factual allegations do not support a claim of actual knowledge. A bare assertion that a person "knew" of fraud is a legal conclusion, which is insufficient to

defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There must be well pled factual allegations to support a legal conclusion. *Id*. at 679.

The Receiver alleges that the defendants, "did not independently confirm that the timber underlying Madison Timber investments was real," "failed to conduct any reasonable due diligence," and "recklessly ignored" "red flags." Compl. ¶¶57-58. These alleged facts do not support a claim that Gee Gee Patridge had actual knowledge that Madison Timber was a Ponzi scheme.

The same authorities cited above regarding the actual knowledge requirement for a civil conspiracy apply to actual knowledge for a claim for aiding and abetting and those authorities are re-cited here: *see Litson-Greunber v. JPMorgan Chase & Co.*, No. 7:09-CV-056-0, 2009 U.S. Dist. LEXIS 117749, at *5-8 (N.D. Tex. Dec. 16, 2009)(court dismissed aiding and abetting claim concluding that artful pleading of merely a story of suspicious activity that the plaintiff contended should have provided the defendant notice of the Ponzi scheme actions was insufficient to establish actual knowledge); *Rosner v. Bank of China*, No. 06 cv 13562, 2008 U.S. Dist. LEXIS 105984 (S.D.N.Y. Dec. 18, 2008)(in a claim for aiding and abetting fraud plaintiff must plead facts that give rise to a sufficiently strong inference of actual knowledge and "red flags" or warning signs indicating fraud's existence are insufficient) *aff'd* 349 Fed. Appx. 637 (2d Cir. 2009); *Chemtex, LLC v. St. Anthony Enters.*, 490 F. Supp. 2d 536, 547 (S.D.N.Y. 2007)(alleged warnings signs of fraud do not adequately allege actual knowledge); *El Camino Res. Ltd. v. Huntington Nat'l Bank*, 712 F.3d 917, 920-921, 923 (6th Cir. 2013)("red flags" associated with an account were insufficient to show the bank had actual knowledge of fraud).

9

**B.**     **The Receiver fails to plead substantial assistance.**

In Count II for aiding and abetting, the Receiver makes unsupported conclusory allegations that, "Defendants aided and abetted Adams and Kelly in committing breaches of duties owed by them to Madison Timber." Compl. ¶97. The Receiver alleges that in view of the "numerous red flags" the defendants, "knew or should have known that Madison Timber was a Ponzi scheme." Compl. ¶98. The Complaint alleges certain interactions between Gee Gee and Wayne Kelly. Compl. ¶¶38-41, 68-69. Even taking these allegations as true for purposes of a motion to dismiss, none of these allegations would amount to substantial assistance in a Ponzi scheme.

**C.**     **The Receiver fails to identify an underlying tort for aiding and abetting.**

The Receiver does not identify the underlying tort for aiding and abetting. The Receiver only states that the defendants, "aided and abetted Adams and Kelly in committing breaches of duties owed by them to Madison Timber and in other tortious conduct alleged in this complaint." Compl. ¶97. The Receiver does not identify the "breaches of duties" or "other tortious conduct." Therefore, the Receiver fails to state a cause of action for aiding and abetting. Count II as against Gee Gee Patridge should be dismissed.

**III.**     **The Receiver fails to plead a duty owed by Gee Gee Patridge to Adams and Madison Timber, and therefore, fails to state a claim for negligence, gross negligence, and recklessness.**

The claims brought by the Receiver against Gee Gee Patridge are on behalf of the receivership defendants Adams and Madison Timber. The Receiver fails to plead any duty Gee Gee Patridge owed to Adams or Madison Timber, because no duty exists. The negligence claims

against Gee Gee Patridge should be dismissed for failure to plead duty, an essential element of the Receiver's prima facie case.

As general rule, plaintiff must establish the existence of a duty; the burden is not on the defendant to show that it had no duty. *Humble Sand & Gravel, Inc. v. Gomez*, 146 S.W.3d 170 (Tex. 2004). An essential element in a cause of action based upon negligence is the existence of a legal duty of care owed by the defendant to the plaintiff. *Doe v. Greenville County School Dist.*, 651 S.E.2d 305 (S.C. 2007). Without a duty, there is no actionable negligence. *Id.* The existence of a duty owed is a question of law for the Court. *Id.* In a negligence action, if no duty exists, the defendant is entitled to judgment as a matter of law. *Houck v. State Farm Fire and Cas. Ins. Co.*, 620 S.E.2d 326 (S.C. 2005). *See also* 57A Am. Jur. 2d *Negligence* § 73.

In Count III of the Complaint the Receiver erroneously concludes, "In view of the numerous red flags described in this complaint, a reasonable person in the same or similar circumstances would have discovered that Madison Timber was a fraud." Compl. ¶107. However, nowhere in Count III does the Receiver plead a duty owed by Gee Gee Patridge to Adams or Madison Timber, because no such duty exists. The Receiver has failed to meet her burden of establishing the existence of a duty owed by Gee Gee Patridge to Adams and Madison Timber; and therefore, Gee Gee Patridge is entitled to a judgment as a matter of law as to the claims for negligence, gross negligence, and recklessness.

## IV. The affirmative defense of *in pari delicto* bars the Receiver's claims against Gee Gee Patridge.

The affirmative defense of *in pari delicto* prevents a plaintiff who participated in wrongdoing from recovering damages resulting from the wrongdoing. Black's Law Dictionary (10th ed. 2014). In other words, joint tortfeasors cannot recover from one another if they are *in pari delicto*. *Sneed v. Ford Motor Co.*, 735 S.2d 306, 308 (Miss. 1999). *In pari delicto* is an

11

equitable, affirmative defense, which is controlled by state common law. *Jones v. Wells Fargo Bank, N.A.*, 666 F. 3d 955 (5th Cir. 2012). On a motion to dismiss, dismissal pursuant to 12(b)(6) is appropriate if an affirmative defense, such as *in pari delicto*, is established on the face of the complaint. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243 (5th Cir. 2017).

The claims brought by the Receiver against Gee Gee Patridge are on behalf of receivership defendants Adams and Madison Timber. The Receiver only has authority to pursue claims on behalf of the receivership defendants. *SEC v. Adams*, 3:18-cv-252 (S.D. Miss. June 22, 2018)(Order Appointing Receiver). A receiver is not authorized, "to represent the creditors of the corporations in receivership in asserting claims against third persons." *Janvey v. Democratic Senatorial Campaign Comm., Inc.*,712 F.3d 185, 190 (5th Cir. 2013). "A federal equity receiver has standing to assert only the claims of the entities in receivership, and not the claims of the entities' investor-creditors." *Democratic Senatorial Campaign*, 217 F.3d at 192.

The allegations against Gee Gee Patridge (erroneously and insufficiently) assert that she was a joint tortfeasor with Adams and Madison Timber. Therefore, the doctrine of *in pari delicto* bars the Receiver from recovering against Gee Gee Patridge on behalf of the actual perpetrators of the fraud, Adams and Madison Timber, in whose shoes she stands.  Accordingly, the Court should dismiss with prejudice Counts I, II, and III of the Complaint against Gee Gee Patridge.

A.      **Exceptions to the application of *in pari delicto* do not apply here.**

The Fifth Circuit, in applying Texas state law, and the Seventh Circuit, in applying Illinois state law, have declined to apply the *in pari delicto* defense to fraudulent transfer and conversion claims brought by a receiver, distinguishing between a corporation and an individual such that the individual wrongdoer stood *in pari delicto*, but the wrongdoer's company did not. *See Jones v. Wells Fargo Bank, N.A.*, 666 F. 3d 955 (5th Cir. 2012)(declining to apply *in pari*

*delicto* defense to receiver's conversion claim for money belonging to the estate); *Janvey v. Democratic Senatorial Campaign Comm., Inc.,* 712 F. 3d 185, 191 (5th Cir. 2013*)* (declining to apply *in pari delicto* to receiver's fraudulent transfer claim against recipients of the entity's assets); *Scholes v. Lehman*, 56 F. 3d 750, 752 (7th Cir. 1995)(not applying *in pari delicto* to receiver's fraudulent conveyance claims).

In contrast, the Seventh Circuit and South Carolina have applied the *in pari delicto* defense in tort actions brought by the receiver against third parties who were not alleged to have received a benefit from the tortious conduct. In *Hays* the district court affirmed dismissal of the receiver's negligence claims on summary judgment, stating that in the absence of a fraudulent transfer claim, the receiver of a corporation used to perpetuate fraud may not seek recovery against an alleged third-party co-conspirator. *Hays v. Pearlman*, No. 2:10-CV-1135-DCN, 2010 U.S. Dist. LEXIS 116803 (D.S.C. Nov. 2, 2010)(citing *Knauer v. Jonathan Roberts Financial Group*, 348 F.3d 230 (7th Cir. 2003)).

In *Knauer*, the Seventh Circuit stated that the receiver's tort actions against third parties presented a different equitable alignment than the fraudulent transfer claims in *Scholes*. *Id*. at 236. In *Scholes* the receiver brought fraudulent transfer claims to recover assets from the scheme. *Id*. (citing *Scholes*, 56 F. 3d at 752). In the tort actions in *Knauer*, the receiver sought to recover damages from entities that derived no benefit from the embezzlements. *Knauer,* 348 F.3d at 236. The court concluded that the ruling in *Scholes* was less pertinent than the general rule that the receiver stands in the shoes of the corporations for which she has been appointed. *Id*.

New York applies the *in pari delicto* defense and has declined to adopt any exceptions to its application stating, "the defense applies even in difficult cases and should not be 'weakened by exceptions'" *Kirschner v. KPMG LLP*, 938 N.E.2d 941, 950 (N.Y. 2010)(citations omitted).

The court stated that the interest of innocent stakeholders in the fraud should not trump the interest of innocent outside professionals. *Id*. at 475.

The Receiver here alleges three tort claims against Gee Gee Patridge on behalf of the Adams and Madison Timber. The Receiver does not allege that Gee Gee Patridge benefitted from the Ponzi scheme as a result of the alleged torts. Therefore, the *in pari delicto* defense should apply to all claims asserted against Gee Gee Patridge.

There are cases in which the *in pari delicto* defense was not applied to tort actions; but, in these cases the defendants were receiving a benefit from the wrongdoing. Therefore, the same rationale that applies to *Hays*, *Knauer*, and the claims against Gee Gee Patridge, does not apply in those cases. *See Official Stanford Inv'rs Comm. v. Greenberg Traurig, LLP*, No. 3:12-cv-4641-C, 2014 U.S. Dist. WL 12572881, slip op. at 10-14 (N.D. Tex. Dec. 17, 2014)(ruling *in pari delicto* defense did not apply to claims against attorneys who were providing legal services which assisted the receivership defendants in evading regulations); *Janvey v. Willis of Colo., Inc.*, No. 3:12-CV-3980-N, 2014 U.S. Dist. LEXIS 183344, *5-6, *13-15(N.D. Tex. Dec. 5, 2014)(the court did not apply *in pari delicto* where plaintiff alleged broker defendants participated substantially in the fraudulent scheme by knowingly providing misleading marketing letters to investors); *Janvey v. Adams & Reese, LLP*, No. 3:12-CV-0495-N, 2013 U.S. Dist. LEXIS 202981 (N.D. Tex. Sept. 11, 2013)(declining to apply *in pari delicto* defense in tort and fraudulent transfer claims against a bank holding $300 million in fraudulent CDs and lawyers representing the receivership defendants in regulatory oversight and also recognizing that "*Scholes* is not universally accepted, especially outside the fraudulent transfer context.")

14

**CONCLUSION**

For the forgoing reasons Gee Gee Patridge respectfully requests the Court dismiss with prejudice Counts I, II, and III, of the Complaint against her for civil conspiracy, aiding and abetting, negligence, gross negligence, and recklessness.

Respectfully submitted this, the 21st day of May, 2019.

**GEE GEE PATRIDGE**

 /s/  *Robert P. Thompson*
ROBERT P. THOMPSON

OF COUNSEL:

ROBERT P. THOMPSON, MSB #8188
LAURA W. GIVENS, MSB. #104189
McAngus, Goudelock and Courie, LLC
P. O. Box 2955 (39158)
1020 Highland Colony Parkway, Suite 706
Ridgeland, Mississippi 39157
(601) 427-7511
(601) 510-9525 (Fax)
bobby.thompson@mgclaw.com
laura.givens@mgclaw.com


JAY M. ATKINS, MSB #100513; TN #21371
McAngus, Goudelock and Courie, LLC
119 North 9th Street
Oxford, Mississippi 38655
(662) 281-7828
(662) 259-8460 (Fax)
jay.atkins@mgclaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of Court using the ECF system which sent notifications of service to all counsel of record.

This the 21st day of May, 2019.

/s/  *Robert P. Thompson*
ROBERT P. THOMPSON

16