IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC, | Case No.3:19-cv-196CWR-FKB<br><br>Arising out of Case No.3:18-cv-252, Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC |
| Plaintiff, | |
| v. | Hon. Carlton W. Reeves, District Judge |
| BANKPLUS; BANKPLUS WEALTH MANAGEMENT, LLC; GEE GEE PATRIDGE, VICE PRESIDENT AND CHIEF OPERATING OFFICER OF BANKPLUS; STEWART PATRIDGE; JASON COWGILL; MARTIN MURPHREE; MUTUAL OF OMAHA INSURANCE COMPANY; and MUTUAL OF OMAHA INVESTOR SERVICES, INC., | |
| Defendants. | |

### ANSWER AND AFFIRMATIVE DEFENSES OF MARTIN MURPHREE

Defendant Martin Murphree, through counsel, files this Answer and Defenses to the Complaint:

### INTRODUCTION

Some of the Receiver's allegations in the Introduction are not specifically directed to this defendant and do not require a response. All allegations not expressly admitted in so far as they might relate to this defendant are denied. It is admitted, now in perfect hindsight, that Adams and Madison Timber operated a Ponzi scheme which defrauded investors, this defendant, and other defendants.

1

It is also admitted that this defendant and investors believed Adams and Madison Timber used investors' money to purchase timber from Mississippi landowners to sell to lumber mills at a higher price, repaying investors' principal and interest from the proceeds of the sales. It is admitted that investors received timber deeds—notarized timber deeds—to secure their investments. Affirmatively, at all times, this defendant acted in good faith and on reasonable reliance on information from Madison Timber and its representative Wayne Kelly, and on Madison Timber's history and course of dealing with reputable regulated institutions and law firms for years with any default.

## JURISDICTION AND VENUE

1.  Denied.

2.  It is admitted this Complaint and the SEC's Civil Action and the United States Criminal Action against Adams and Madison Timber are related. All other allegations are denied.

3.  All legal conclusions of Paragraph 3 are denied. It is denied that the Receiver is entitled to bring suit against this defendant, as she stands in the shoes of Adams and Madison Timber.

4.  Pleadings filed speak for themselves, so no answer is required.

## PARTIES

5.  Defendant admits the Receiver is court-appointed and that the Court's Oder speaks for itself. The remaining allegations are denied.

6.-10.  Paragraphs 6 through 10 relate to other defendants and require no answer.

11.  Admitted, except this defendant denies he is (or ever has been) a resident of Summit, Mississippi. Affirmatively, as the Receiver well knows, this defendant's employment with BankPlus was for only 6 months, terminating in December 2009, long

2

before he ever had any contact from Madison Timber. Further, as the receiver well knows, thereafter this defendant was never a captive agent of Mutual of Omaha, but an independent agent affiliated with not only Mutual of Omaha, but 15 to 20 other companies from time to time. Neither Mutual of Omaha nor any of these other insurance companies had any connections or dealings with Madison Timber.

12.-13. The paragraphs relate to other defendants and require no answer.

## ADAMS AND MADISON TIMBER

14. In the perfect light of hindsight, and in view of Adams' guilty plea, the allegations are admitted. It is denied this defendant had any knowledge of his criminal activity or should have had such knowledge.

15. It is admitted investors delivered funds to Adams and Madison Timber believing the investments were legitimate collateralized investments. All other allegations are denied.

16. Admitted.

17. It is admitted that investors received promissory notes payable in the amount of the investments with interest; predated checks representing installment payments; timber deeds (notarized) and cutting agreements. All other allegations are denied.

18. In the perfect light of hindsight, and in view of Adams' criminal admissions and guilty plea, these allegations are admitted. However, at the time, this defendant had no such knowledge or any reason or ability to gain such knowledge and denies any liability for the intentional, criminal acts of Adams and Madison Timber.

19. The allegations are unknown to this defendant and therefore denied.

20. The allegations are unknown to this defendant and therefore denied.

21. It is admitted that Adams turned himself in to the FBI and the U.S. Attorney's Office in April 2019. The remaining allegations are unknown and denied.

22.     Admitted.

23.     Admitted.

24.     Denied.

25.     Denied.

27.-31. These allegations are directed to other defendants and require no response from this defendant. All allegations not expressly admitted are denied.

32.     It is admitted that this defendant and Stewart Patridge were friends in late 2011; that this defendant previously worked with BankPlus at Desoto County branches, for a 6 month period in 2009 as a registered investment advisor and registered broker affiliated with BankPlus Wealth Management LLC; and that much later, Stewart Patridge paid commissions to this defendant occasionally. The remaining allegations are denied.

33.     It is admitted that this defendant was a registered representative of Mutual of Omaha Investment Services from 2010 to 2014, and an agent for Mutual of Omaha from 2010 to 2019. Affirmatively, this defendant would show that he was never a exclusive agent for Mutual of Omaha, but represented up 15 to 20 other companies from time to time. The remaining allegations are denied.

34.     It is admitted that this defendant and Jason Cowgill are friends; that Jason Cowgill was affiliated with BankPlus at one time; that Gee Gee Patridge was the bank's CFO and a Madison Timber investor. All other allegations are denied.

35.     This defendant admits he was paid commissions from investments in Madison Timber, believing Madison Timber would use investment funds to purchase timber deeds and cutting agreements to resell timber and repay investors. The remaining allegations are denied.

36.     This defendant admits that he was told and believed the Adams/Madison Timber paperwork was put together by Jackson law firms; that with permission and instruction

4

from investors, he received the promissory notes and during a certain time period deposited their promissory note installment payment checks at their respective banks, and returned the promissory notes to Madison Timber after payment. The remaining allegations are denied.

37.     This defendant admits the pattern continued into 2013, and that new investors invested with Adams and Madison Timber. In 2013, this defendant had dealt with 6 to 8 investors, all of whom had been repaid in full for their investment, plus interest. The remaining allegations are denied.

38.-48. These allegations do not refer to this defendant and require no response. Any allegation which requires a response is denied.

49.     It is admitted that this defendant worked with some investors that Stewart Patridge had previously served. The remaining allegations are denied.

50.-53. These allegations do not refer to this defendant and require no response. Any allegation which require a response from this defendant is denied.

54.     This defendant admits receiving commissions from Wayne Kelly and Madison Timber for Madison Timber investments made by his contacts, and asking some commissions be paid to his wife for book keeping purposes. All such sums were fully reported to taxing authorities and all taxes due thereon were paid. The remaining allegations are denied.

55.     Unknown and denied.

56.     This defendant admits receiving commissions from Madison Timber over the course of several years, the exact amounts to be determined. The remaining allegations are denied.

57.     Denied. Further, affirmatively, this defendant would show that with every investor, this defendant would explain all the risks involved with the investment that this

5

defendant was aware of, one of which did not include that Adams was running a Ponzi scheme.

58. Denied.

59. This defendant is without sufficient information or belief to admit or deny what other defendants may have or should have suspected, and therefor denies the same. Insofar as the allegations of this paragraph are directed to this defendant, the same are denied. Affirmatively, this defendant would show that he performed the due diligence he thought was appropriate under the circumstances, and that he knew how to perform, and that this due diligence, plus a number of other factors, convinced this defendant that Madison Timber was a legitimate business operation.

60.-63. This defendant is without sufficient information or belief to admit or deny the allegations of this paragraph and therefore denies the same. Affirmatively, this defendant would show that if the allegations of this paragraph are true or accurate in any respect, he was not made aware of such facts and events.

64. This defendant adopts his response as set out in response to paragraphs 60-63. Affirmatively, this defendant would show that had he been aware of the facts and events alleged and described in paragraphs 60-65, that he would have been alerted to the real nature of the Madison Timber operation, and would have taken appropriate measures, including terminating any and all activities associated with Madison Timber investments.

65. This defendant is without sufficient information or belief to admit or deny the allegations of this paragraph and therefore denies the same, except that this defendant admits that a portion of some commission checks were payable to his wife under circumstances described earlier in this answer. Affirmatively, this defendant would show that had be been made aware of the facts and events described in this paragraph, if same are true, he would have been alerted to the real nature of the Madison Timber operation, and would have taken appropriate measures, including terminating all activities associated with Madison Timber investments, as a result of which none of the investors contacted by this defendant would have lost any money.

66. This defendant is without sufficient information or belief to admit or deny the allegations of this paragraph and therefore denies the same. Affirmatively, this defendant would show that had he been made aware of the facts and circumstances alleged against the defendant BankPlus, and if the facts and circumstances are true, he would have terminated all activities associated with Madison Timber investments.

67.-71. This defendant is without sufficient information or belief to admit or deny the allegations of these paragraphs, and therefore denies the same. Affirmatively, this defendant would show that had he been made aware of the facts and circumstances alleged against defendant BankPlus, and if the facts and circumstances are true, he would have terminated all activities associated with Madison Timber investments.

72. Defendant admits that he was unaware of the facts and circumstances alleged to have been within the knowledge and control of BankPlus management and therefore admits he continued to offer investors opportunities to invest in Madison Timber. The remaining allegations are denied. Affirmatively, this defendant would show that neither he nor the investors with whom he dealt possessed the knowledge or documentation of fraud which the Complaint alleges that BankPlus management had in 2015 regarding Madison Timber.

73. The allegations of this paragraph do not pertain to this defendant and therefore require no response. To the extent the same do require a response from this defendant, the same are denied.

74. This defendant is without sufficient information or belief to admit or deny the allegations of this paragraph and therefore denies the same. Affirmatively, if the allegations of the Complaint are true, which contend that BankPlus knew as early as 2009, and no later than 2015, that Madison Timber was a fraud, BankPlus management did not share that information with this defendant or any of the investors with whom he dealt for Madison Timber.

75. Denied.

7

76. Unknown and denied.

77. This defendant admits his affiliation with Mutual of Omaha Investor Services, Inc. from August 2010 through September 2014. The remaining allegations are denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

## CAUSES OF ACTION

### COUNT I

82.-94. Denied. Affirmatively, the Complaint fails to state a claim for civil conspiracy, by failing to allege any facts to support a finding that this defendant had actual knowledge of fraud by Adams and Madison Timber, an essential element of a claim for alleged civil conspiracy.

### COUNT II

95.-103. Denied. Affirmatively, Mississippi law does not recognize a cause of action for aiding and abetting, and even if it did, the Complaint fails to allege any facts to support a finding that this defendant had actual knowledge of fraud by Adams and Madison Timber, actual knowledge being an essential element such an alleged cause of action.

### COUNT III

104.-113. Denied. Affirmatively, this defendant owed no duty to Adams and Madison Timber, in whose position the Receiver stands, not in the position of the Madison Timber investors. Thus, the Receiver is in pari delicto with Adams and Madison Timber.

COUNT IV

114.-118. Denied. Affirmatively, this defendant delivered reasonably equivalent value and acted in good faith and is not subject to forfeiture while so doing.

COUNT V

119.-127. These allegations do not refer to this defendant and require no response. Any allegations which purport to allege liability of this defendant are denied.

COUNT VI

128.-137. These allegations do not refer to this defendant and require no response. Moreover, as the Receiver well knows, this defendant only worked for BankPlus for approximately 6 months in 2009.

LIABILITY OF BANKPLUS

138.-140. These allegations refer to other defendants and require no response. Otherwise, denied.

LIABILITY OF MUTUAL OF OMAHA INSURANCE COMPANY

141.-143. Denied.

BANKPLUS'S VICARIOUS LIABILITY

144. Denied.

145. Denied.

MUTUAL OF OMAHA'S VICARIOUS LIABILITY

146. Denied

147. Denied.

This defendant denies the allegations of the unnumbered paragraphs on page 36 of the Complaint and denies the Receiver is entitles to any relief as to this defendant.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim against this defendant for which relief can be granted.

### SECOND DEFENSE

At no time alleged in the Complaint's Introduction or elsewhere, was this defendant an employee or agent for BankPlus or BankPlus Wealth Management, LLC, his employment with BankPlus having ended in 2009.

### THIRD DEFENSE

The Receiver's claims against this defendant are barred by the doctrine of *in pari delicto*.

### FOURTH DEFENSE

The Receiver's claims against this defendant are barred because the Receiver lacks standing to pursue claims on behalf of anyone other than Adams and Madison. Timber.

### FIFTH DEFENSE

The Receiver's claims against this defendant are barred because he did not owe any legal duty to Adams or Madison Timber, and did not breach any legal duty allegedly owed to Adams or Madison Timber.

## SIXTH DEFENSE

The Receiver's claims against this defendant are barred by the good faith value defense. This defendant operated at all times in good faith and under a belief that he was doing business with a legitimate, legal business and not a fraudulent scheme. Moreover, this defendant contributed in good faith significant amounts of time, money, services, and other value for which he was entitled to be compensated.

## SEVENTH DEFENSE

The Receiver's claims against this defendant are barred by the acts and omissions of Adams and Madison Timber and its representatives, and the acts and omissions of others for whom this defendant is not responsible. This defendant is not directly or proximately responsible for any damages that Adams and Madison Timber might have allegedly suffered.

## EIGHTH DEFENSE

The Receiver's claims against this defendant are barred by the doctrines of statute of limitations, contributory negligence, comparative fault, waiver, estoppel, failure of consideration, fraud, illegality, release, payment, accord and satisfaction, assumption of the risk, unclean hands, and by the failure of the Receiver, Adams and Madison Timber to mitigate their damages.

## NINTH DEFENSE

The Receiver's claims against this defendant are barred because the Receiver failed to plead items of special damage and alleged fraud with sufficient particularity.

## TENTH DEFENSE

The Receiver's claims against this defendant for punitive damages are barred under applicable law.

## ELEVENTH DEFENSE

The Receiver's claims against this defendant are barred because the Receiver has not alleged, and the Receiver cannot show, that this defendant had actual knowledge or should have known of Adams's fraud or that Madison Timber was a fraudulent scheme.

## TWELFTH DEFENSE

This defendant reserves the right to assert, and hereby give notice that he intends to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this action and hereby reserves the right to amend this responsive pleading to assert such defenses.

AND NOW, having fully answered this defendant respectfully requests that this Court dismiss the Receiver's claims against him with prejudice, taxing all costs and attorneys' fees and expenses against the Receiver.

Date: May    , 2019

Respectfully submitted,

MARTIN MURPHREE

By: /s/ Thomas M. Murphree Jr

Thomas M. Murphree, Jr.

Thomas M. Murphree, Jr. (MSB#3660)

6060 River Road South

Summit, Mississippi 39666

tom684@bellsouth.net

601-684-6640

Robert S. Murphree (MSB# 03659)

P.O. Box 370

12

Jackson, Mississippi 392015

601-954-4809


Counsel for Defendant Martin Murphree


## CERTIFICATE OF SERVICE

I, Thomas M. Murphree, Jr., hereby certify that on May 22, 2019, I caused the foregoing pleading to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel or record and registered participants

/s/ Thomas M. Murphree Jr

Thomas M. Murphree, Jr.