IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALYSSON MILLS, IN HER CAPACITY AS
RECIVER FOR ARTHUR LAMAR ADAMS
AND MADISON TIMBER PROPERTIES LLC                               PLAINTIFF

VS.                                         CIVIL ACTION NO. 3:19-00196-CWR-FKB

BANKPLUS ET AL.                                                DEFENDANTS

### JASON COWGILL'S REBUTTAL IN SUPPORT OF HIS MOTION TO DISMISS

COMES NOW Jason Cowgill, one of the Defendants herein, and files his Rebuttal to Receiver's opposition to his motion to dismiss, as follows:

1. While minimizing the actual knowledge component that is central to the claims against Cowgill, Receiver's opposition fails to show Cowgill had any knowledge of a Ponzi scheme, let alone that he agreed to help one succeed. Receiver simply directs the Court to ignore these required elements of a civil conspiracy.

2. Receiver admits that there is no such thing as a civil "aiding and abetting" cause of action in Mississippi. Instead of withdrawing, Receiver urges the Court to invent the action and disregard Mississippi's common law.

3. Receiver's negligence-based claims are premised on the idea that Cowgill somehow owed a duty to Lamar Adams and Madison Timber to prevent their illegal activity. No such duty exists. Mississippi adheres to the principles that (1) there is no duty to warn or protect someone from themselves, and (2) no action rooted in illegal acts—here, Lamar Adams and Madison Timber's Ponzi scheme—will be allowed.

4. Even if the payments Cowgill received from Kelly Management were transfers within the context of Mississippi's Fraudulent Transfer Act—which they are not—he is a good-

{D1218774.1}

faith transferee and is entitled to retain his interest in the payments or a reduction in the amount of the liability on any judgment.

5. The rights of Receiver are determined by state law and, under Mississippi law and the Court's appointment order, Receiver is similarly situated to the plaintiffs in the many recent cases that rejected innocent-successor claims brought by receivers that claims their appointment cleansed the wrongdoer's estate of *in pari delicto*.

6. Cowgill relies on the Complaint [Doc. 1], his Answer [Doc. 39], and his Memorandum Brief filed in conjunction with his Rebuttal in Support of his Motion to Dismiss.

WHEREFORE, PREMISES CONSIDERED, Cowgill moves the Court to dismiss all of the Receiver's claims against him with prejudice and for any additional relief the Court deems just and proper.

Dated: June 27, 2019.

Respectfully submitted,

JASON COWGILL, ONE OF THE DEFENDANTS

BY: *s/ Wilton V. Byars, III*
        OF COUNSEL

WILTON V. BYARS, III - MS BAR NO. 9335
wbyars@danielcoker.com
J. MILES FORKS - MS BAR NO. 105080
mforks@danielcoker.com
DANIEL COKER HORTON & BELL, P.A.
265 NORTH LAMAR BOULEVARD, SUITE R
POST OFFICE BOX 1396
OXFORD, MISSISSIPPI 38655-1396
TELEPHONE: 662-232-8979
FACSIMILE: 662-232-8940