IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


ALYSSON MILLS, IN HER CAPACITY
AS RECEIVER FOR ARTHUR LAMAR
ADAMS AND MADISON TIMBER
PROPERTIES,  LLC.                                                                    PLAINTIFF


VS.                                     CIVIL ACTION NO.  3:19-cv-00196-CWR-FKB


BANKPLUS; BANKPLUS WEALTH
MANAGEMENT, LLC; GEE GEE
PATRIDGE,  VICE PRESIDENT AND
CHIEF OPERATING OFFICER OF
BANKPLUS; STEWART PATRIDGE;
JASON COWGILL; MARTIN MURPHREE;
MUTUAL OF OMAHA INSURANCE
COMPANY; AND MUTUAL OF OMAHA
INVESTOR SERVICES, INC.,                                              DEFENDANTS

### ANSWER AND AFFIRMATIVE DEFENSES OF STEWART PATRIDGE

Stewart Patridge, by and through undersigned counsel, files this Answer and Affirmative

Defenses in  response to  the Complaint filed  against him by Plaintiff Alysson  Mills, in  her

capacity as Receiver for Arthur Lamar Adams ("Adams") and Madison Timber Properties, LLC

("Madison Timber").

### ANSWER

Subject to and  without waiving  any of  his affirmative defenses, Stewart Patridge answers

the allegations of the Receiver's Complaint, paragraph by paragraph, corresponding to those in  the

Complaint.  All allegations of the Receiver's Complaint that are not expressly admitted in this

Answer are denied.  Stewart Patridge's admissions are confined to the exact language in this Answer,

and to the extent that any response varies from the wording of the allegations of the Complaint, those allegations are denied.  Stewart Patridge denies all allegations and inferences contained in the headings and subheadings used in the Complaint.

## INTRODUCTION

The Receiver's allegations in the first two paragraphs are not directed toward Stewart Patridge and therefore do not require a response from him.  To the extent a response is required from Stewart Patridge, he is without knowledge or information sufficient to form a belief as to the truth of the allegations in the Introduction, and therefore, denies same, except as follows.  Stewart Patridge admits that it is now apparent that Adams and Madison Timber operated a Ponzi scheme that defrauded lenders, and other victims, including his mother and father, Gee Gee and Jimmy Patridge.  Stewart Patridge further admits that he believed that Madison Timber used his parents and other persons money to purchase timber from landowners, sold the timber to lumber mills at a higher price, and repaid lenders their principal plus interest with the proceeds of those timber sales.  Stewart Patridge denies the remaining allegations in the Introduction.  Stewart Patridge specifically denies the third paragraph in the Introduction beginning with the words "Defendants substantially." Stewart Patridge specifically denies that he is liable to the debts of the Receivership estate to investors.

## JURISDICTION AND VENUE

1.     The allegations of Paragraph 1 attempt to state legal conclusions to which no response is required from Stewart Patridge.  To the extent a response is required, he admits the Court has jurisdiction over this action and parties, and that venue is proper in this Court.  All allegations not expressly admitted are denied.

2.     The allegations in Paragraph 2 are not directed to Stewart Patridge, and therefore do not require a response from him.  To the extent a response is required from Stewart Patridge, he

admits that this action is related to a civil action pending before the Court styled *Securities and Exchange Commission v. Arthur Lamar Adams, Madison Timber Properties, LLC*; Civil Action No. 3:18-cv-252-CWR-FKB.  The pleadings in that action speak for themselves.  All allegations not expressly admitted are denied.

3.      The allegations in Paragraph 3 are not directed to Stewart Patridge and therefore do not require a response from him.  Further, the allegations in Paragraph 3 attempt to state legal conclusions to which no response is required by Stewart Patridge.  To the extent a response is required from Stewart Patridge, he denies that the Receiver has any claim against him.  All remaining allegations not expressly admitted are denied.

4.      The allegations in Paragraph 4 are not directed to Stewart Patridge and therefore do not require a response from him.  To the extent a response is required from Stewart Patridge, he states that the pleadings filed in the case styled *Securities and Exchange Commission v. Arthur Lamar Adams, Madison Timber Properties, LLC*; Civil Action No. 3:18-cv-252-CWRFKB speak for themselves.  All allegations not expressly admitted are denied.

## PARTIES

5.      The allegations in Paragraph 5 are not directed to Stewart Patridge and therefore do not require a response from him.  Further, the allegations in Paragraph 5 attempt to state legal conclusions to which no response is required by Stewart Patridge.  To the extent a response is required from Stewart Patridge, he admits that Plaintiff Alysson Mills has been appointed by the Court as Receiver for the estates of Adams and Madison Timber.  Stewart Patridge denies  the remaining allegations of Paragraph 5 to the extent they are inconsistent with the Court's  Order, which speaks for itself.  Stewart Patridge denies the Receiver has standing to pursue claims against him.  All allegations not expressly admitted are denied.

6.     Stewart Patridge admits the allegations concerning BankPlus.

7.     Stewart Patridge admits the allegations of Paragraph 7.

8.     Stewart Patridge admits the allegations of Paragraph 8.

9.     Stewart Patridge admits that he is an adult resident of Madison County, Mississippi. He further admits that he worked for BankPlus in DeSoto County and also worked with Mutual of Omaha.  He also admits that he is a former registered advisor and former registered broker.  He has not been registered since 2014.

10.     The allegations of Paragraph 10 are not directed to Stewart Patridge and therefore do not require a response from him.  To the extent a response is required from Stewart Patridge, he is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 10 other than what is specifically admitted.  Stewart Patridge specifically admits Jason Cowgill was a former loan officer for BankPlus in one of BankPlus' Southaven, Mississippi, branch offices.

11.     The allegations of Paragraph 11 are not directed to Stewart Patridge and therefore do not require a response from him.  To the extent a response is required from Stewart Patridge, he is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 11 except that Martin Murphree was a advisor and broker with BankPlus Wealth Management LLC and Mutual of Omaha.

12.     The allegations of Paragraph 12 are not directed to Stewart Patridge and therefore do not require a response from him.  To the extent a response is required, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore deny same.

13.     The allegations of Paragraph 13 are not directed to Stewart Patridge and therefore

do not require a response from him.  To the extent a response is required, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies same.

## MADISON TIMBER

14.     The allegations of Paragraph 14 are not directed to Stewart Patridge and therefore do not require a response from him.  To the extent a response is required from Stewart Patridge, he admits that it has been learned that Adams, through Madison Timber, operated a Ponzi scheme that purported to purchase timber from landowners and resell it to lumber mills at higher prices. All allegations not expressly admitted are denied.

15.     The allegations of Paragraph 15 are not directed to Stewart Patridge and therefore do not require a response.  To the extent a response is required from Stewart Patridge, he is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies same.

16.     The allegations of Paragraph 16 are not directed to Stewart Patridge and therefore do not require a response from him.  To the extent a response is required from Stewart Patridge, he admits that he believed Madison Timber would use the loans to acquire timber deeds and cutting agreements; that Madison Timber would sell the timber to lumber mills at a higher price; and that Madison Timber would use proceeds of these sales to repay the lenders principal plus interest.  All allegations not expressly admitted are denied.

17.     The allegations in Paragraph 17 are not directed to Stewart Patridge and therefore do not require a response from him.  To the extent a response is required from Stewart Patridge, Paragraph 17 is admitted.

18.     The allegations in Paragraph 18 are not directed to Stewart Patridge and therefore do

not require a response from him.  To the extent a response is required from Stewart Patridge, he admits upon information and belief that most, if not all, of the timber deeds and cutting agreements have been deemed to be fraudulent.  Stewart Patridge is without knowledge and information sufficient to form a belief as to the remaining allegations of Paragraph 18 and therefore denies same. All allegations not expressly admitted are denied.

19.    The allegations of Paragraph 19 are not directed to Stewart Patridge and therefore do not require a response from him.  To the extent a response is required from Stewart Patridge, he is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and therefore denies all allegations.

20.    The allegations in Paragraph 20 are not directed to Stewart Patridge and therefore do not require a response from him.  To the extent a response is required from Stewart Patridge, he is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies same.

21.    The allegations in Paragraph 21 are not directed to Stewart Patridge and therefore do not require a response from him.  To the extent a response is required from Stewart Patridge, he admits that Adams turned himself in to authorities on April 19, 2018.  Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies same.

22.    The allegations in Paragraph 22 are not directed to Stewart Patridge and therefore do not require a response from him.  To the extent a response is required from Stewart Patridge, he admits the allegations in Paragraph 22, upon information and belief.

23.    The allegations of Paragraph 23 are not directed to Stewart Patridge and therefore do not require a response from him.  To the extent a response is required from Stewart Patridge, he

6

admits the allegations in Paragraph 23, upon information and belief.

24.     The allegations of Paragraph 24 attempt to state a legal conclusion to which no response is required by Stewart Patridge.  To the extent a response is required by Stewart Patridge, he is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore denies same.

25.     Some of the allegations in Paragraph 25 are not directed to Stewart Patridge and therefore do not require a response from him.  Further, the allegations of Paragraph 25 attempt to state legal conclusions to which no response is required by Stewart Patridge.  To the extent a response is required from Stewart Patridge, he denies all allegations in Paragraph 25.

26.     The allegations in Paragraph 26 attempt to state legal conclusions to which no response is required by Stewart Patridge.  To the extent a response is required from Stewart Patridge, he denies the allegations of Paragraph 26.

**BANKPLUS**

27.     Denied.

**The introduction**

28.     Stewart Patridge admits that in January of 2011, Gee Gee Patridge was the Chief Financial Officer of BankPlus and worked in BankPlus' Ridgeland, Mississippi, headquarters. Stewart Patridge further admits that he worked for BankPlus in one of their DeSoto County, Mississippi branch offices from 2008 to 2011.  Stewart Patridge denies the remaining allegations not specifically admitted.

29.     Stewart Patridge admits that he and Wayne Kelly were childhood friends and college roommates.  Stewart Patridge would state that any allegations in the Complaint and the action *Mills v. Billings* speak for themselves.  Stewart Patridge is without knowledge and information sufficient

to form a belief as to the truth of the allegations of Paragraph 29, and therefore denies those allegations.

30.     Stewart Patridge admits that Wayne Kelly introduced his mother and father, Gee Gee Patridge and Jimmy Patridge, to Adams and Madison Timber. Stewart Patridge further admits that his mother, Gee Gee Patridge, and his father, Jimmy Patridge invested in Madison Timber in February 2011, and made additional investments through 2014. Stewart Patridge is without knowledge and denies the remaining allegations of Paragraph 30 not specifically admitted.

31.     Denied.

32.     Stewart Patridge admits that on or about August 2011, that he left BankPlus and began with Mutual of Omaha. Stewart Patridge further admits that Martin Murphree was his friend. Stewart Patridge further admits that he and Martin Murphree worked with BankPlus in DeSoto County on or about 2009. Stewart Patridge denies the remaining allegations of Paragraph 32. Stewart Patridge specifically denies the last sentence of Paragraph 32.

**A Madison Timber headquarters in DeSoto County**

33.     Denied.

34.     Denied.

35.     Stewart Patridge admits the first sentence of Paragraph 35. Stewart Patridge is without information or knowledge sufficient to form a belief as to the truth of the allegations of the remainder of Paragraph 35, and therefore denies the remaining allegations of Paragraph 35.

36.     Stewart Patridge denies he ever endorsed any Madison Timber checks and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 36, and therefore denies the remaining allegations of Paragraph 36.

37.     Denied.

**A "referral" from BankPlus in Jackson**

38.     Denied.

39.     The allegations of Paragraph 39 are not directed toward Stewart Patridge and therefore, do not require a response from him. To the extent a response is required, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 39 and therefore denies same.

40.     The allegations of Paragraph 40 are not directed toward Stewart Patridge and therefore, do not require a response from him. To the extent a response is required, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 40 and therefore denies same.

41.     The allegations of Paragraph 41 are not directed toward Stewart Patridge and therefore, do not require a response from him. To the extent a response is required, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth  of the allegations set forth in Paragraphs 41 and therefore denies same.

42.     The allegations of Paragraph 42 are not directed toward Stewart Patridge and therefore, do not require a response from him. To the extent a response is required, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 42 and therefore denies same.

**A handoff with assistance from BankPlus**

43.     Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 43, and therefore these allegations are denied.

44.     Denied.

45.     Denied.

46.    Denied.

47.    Denied.

48.    Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 48, and therefore these allegations are denied.  Stewart Patridge specifically denies he did not return investors calls.

49.    Stewart Patridge is without knowledge or information sufficient to form a belief as to the truth of the allegations quoted in Paragraph 49, and therefore denies those allegations.  Stewart Patridge is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the remaining allegations of Paragraph 49.

50.    Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 50 and therefore denies same.

51.    Denied.

52.    Denied.

53.    Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations  of Paragraph 53 and therefore denies them.

54.    Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 54, and therefore these allegations are denied.

55.    Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 55, and therefore these allegations are denied.

**Red flags**

56.    Stewart Patridge received substantially less than the amount alleged from Madison Timber.  Stewart Patridge is without information or knowledge sufficient to form a belief as to the

truth of the remaining allegations of Paragraph 56, and therefore denies the remaining allegations.

57. Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 57. Stewart Patridge never confirmed the authenticity of Madison Timber.

58. Stewart Patridge would respond to Paragraph 58 that it is unclear who these allegations are directed towards. If these allegations are directed toward Stewart Patridge, or could be deemed to be directed toward Stewart Patridge, then Stewart Patridge would state that he is without information or knowledge sufficient to form a belief as to the truth of what Gee Gee Stewart, Cowgill or Murphree did or should have done concerning any due diligence. Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations a through g under Paragraph 58, and therefore denies those allegations. Stewart Patridge specifically denies any allegations not admitted in Paragraph 58.

**BankPlus's knowledge**

59. Denied.

60. The allegations of Paragraph 60 are not directed toward Stewart Patridge and therefore, do not require a response from him. To the extent a response is required, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 60 and therefore denies same.

61. Denied.

62. The allegations of Paragraph 62 are not directed toward Stewart Patridge and therefore, do not require a response from him. To the extent a response is required, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 62 and therefore denies same.

63.     The allegations of Paragraph 63 are not directed toward Stewart Patridge and therefore, do not require a response from him. To the extent a response is required, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth  of the allegations set forth in Paragraphs 63 and therefore denies same.  Stewart Patridge admits that he was a good friend with Wayne Kelly.

64.     The allegations of Paragraph 64 are not directed toward Stewart Patridge and therefore, do not require a response from him. To the extent a response is required, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 64 and therefore denies same.

65.     The allegations of Paragraph 65 are not directed toward Stewart Patridge and therefore, do not require a response from him. To the extent a response is required, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 65 and therefore denies same.

66.     The allegations of Paragraph 66 are not directed toward Stewart Patridge and therefore, do not require a response from him. To the extent a response is required, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 66 and therefore denies same.

67.     The allegations of Paragraph 67 are not directed toward Stewart Patridge and therefore, do not require a response from him. To the extent a response is required, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 67 and therefore denies same.

68.     The allegations of Paragraph 68 are not directed toward Stewart Patridge and therefore, do not require a response from him. To the extent a response is required, Stewart Patridge

is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 68 and therefore denies same.

69.    The allegations of Paragraph 69 are not directed toward Stewart Patridge and therefore, do not require a response from him. To the extent a response is required, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 69 and therefore denies same.

70.    The allegations in Paragraph 70 are not directed to Stewart Patridge and therefore do not require a response from him.  To the extent a response is required, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 and therefore denies same.

71.    The allegations in Paragraph 71 are not directed to Stewart Patridge and therefore do not require a response from him. To the extent a response is required, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 and therefore denies same.

**BankPlus's silence**

72.    Denied.  Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 and therefore denies same.

73.    Denied.  Stewart Patridge left BankPlus in 2011.  He specifically denies he is aware of anyone fitting the description of the anonymous person alleged to have made the statements in Paragraph 73.

74.    The allegations in Paragraph 74 are not directed to Stewart Patridge and therefore do not require a response from him. To the extent a response is required, Stewart Patridge is without

knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 and therefore denies same.

## MUTUAL OF OMAHA

75.     The allegations in Paragraph 75 are not directed to Stewart Patridge and therefore do not require a response from him. To the extent a response is required, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 and therefore denies same.

76.     Admitted.

77.     The allegations in Paragraph 77 are not directed to Stewart Patridge and therefore do not require a response from him. To the extent a response is required, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 and therefore denies same.

78.     Denied.

79.     Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 79, and therefore denies the allegation.

80.     Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 80, and therefore denies the allegation.

81.     Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 81, and therefore denies the allegation.

## COUNT I CAUSE OF ACTION
## FOR CIVIL CONSPIRACY AGAINST ALL DEFENDANTS

82.     Stewart Patridge incorporates herein by reference each of his responses to the Receiver's Complaint.

14

83.    The allegations of Paragraph 83 attempt to state legal conclusions to which no response is required by Stewart Patridge.  To the extent a response is required by Stewart Patridge to the allegations of Paragraph 83, he denies same.

84.    Denied.

85.    Denied.

86.    Stewart Patridge admits that Madison Timber has been determined to be a Ponzi scheme.  Stewart Patridge affirmatively states that he never knew Adams was a fraud, he never knew Madison Timber was a Ponzi scheme, and he never acted with any unlawful purpose.  All allegations not expressly admitted are denied.

87.    Denied.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

**COUNT II**

**FOR AIDING AND ABETTING AGAINST ALL DEFENDANTS**

95.    Stewart Patridge incorporates herein by reference each of his above responses to the Receiver's Complaint.

96.    The allegations of Paragraph 96 attempt to state legal conclusions to which no response is required by Stewart Patridge. To the extent a response is required by Patridge, the

15

allegations in Paragraph 96 are denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

## COUNT III

## FOR RECKLESSNESS, GROSS NEGLIGENCE, AND AT A
## MINIMUM NEGLIGENCE AGAINST ALL DEFENDANTS

104.    Stewart Patridge incorporates herein by reference each of his above responses to the Receiver's Complaint.

105.    The allegations in Paragraph 105 attempt to state legal conclusions to which no response is required by Stewart Patridge.  To the extent a response is required by Stewart Patridge, he denies all allegations.

106.    The allegations in Paragraph 106 attempt to state a legal conclusion to which no response is required by Stewart Patridge.  To the extent a response is required by Stewart Patridge, he denies all allegations of Paragraph 106.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

## COUNT IV

## FOR VIOLATIONS OF MISSISSIPPI FRAUDULENT TRANSFER ACT
## AGAINST STEWART PATRIDGE, JASON COWGILL, AND MARTIN MURPHREE

114.    Stewart Patridge incorporates herein by reference each of his above responses to the Receiver's Complaint.

115.    The allegations in Paragraph 115 attempt to state a legal conclusion to which no response is required by Stewart Patridge.  To the extent a response is required by Stewart Patridge, he denies all allegations of Paragraph 115.

116.    The allegations in Paragraph 116 attempt to state a legal conclusion to which no response is required by Stewart Patridge.  To the extent a response is required by Stewart Patridge, he denies all allegations of Paragraph 116.

117.    Denied.

118.    Denied.

## COUNT V

## FOR VIOLATIONS OF MISSISSIPPI'S RACKETEER INFLUENCED
## AND CORRUPT ORGANIZATION ACT AGAINST BANKPLUS

119.-127.    The allegations of Paragraphs 119 through 127 are not directed toward Stewart Patridge and therefore do not require a response from him.  To the extent a response is required from Stewart Patridge to Paragraphs 119 through 127, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of those allegations, and therefore denies all

allegations in Paragraphs 119 through 127.  Stewart Patridge incorporates herein by reference each of his above responses to the Receiver's Complaint.

**COUNT VI**

**FOR NEGLIGENT RETENTION AND SUPERVISION AGAINST BANKPLUS AND BANKPLUS WEALTH MANAGEMENT, LLC; AND AGAINST MUTUAL OF OMAHA INSURANCE COMPANY AND MUTUAL OF OMAHA INVESTOR SERVICES, INC.**

128.-137.      The allegations of Paragraphs 128 through 137 are not directed toward Stewart Patridge and therefore do not require a response from him.  To the extent a response is required from Stewart Patridge to Paragraphs 128 through 137, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of those allegations, and therefore denies all allegations in Paragraphs 128 through 137.

**LIABILITY OF BANKPLUS FOR BANKPLUS WEALTH MANAGEMENT, LLC**

138.-140.      The allegations of Paragraphs 138 through 140 are not directed toward Stewart Patridge and therefore do not require a response from him.  To the extent a response is required from Stewart Patridge to Paragraphs 138 through 140, Stewart Patridge is without knowledge and information sufficient to form a belief as to the truth of those allegations, and  therefore denies all allegations in Paragraphs 138 through 140.

**LIABILITY OF MUTUAL OF OMAHA INSURANCE COMPANY FOR MUTUAL OF OMAHA INVESTOR SERVICES, INC.**

141.-143.      The allegations of Paragraphs 141 through 143 are not directed toward Stewart Patridge and therefore do not require a response from him.  To the extent a response is required from Stewart Patridge to Paragraphs 141 through 143, Stewart Patridge is without knowledge or

information sufficient to form a belief as to the truth of those allegations, and therefore denies all allegations in Paragraphs 141 through 143.

### BANKPLUS'S VICARIOUS LIABILITY

144.    Denied.

145.    Denied.

### MUTUAL OF OMAHA'S VICARIOUS LIABILITY

146.    Denied.

147.    Denied.

Stewart Patridge denies the allegations contained in the unnumbered Paragraph on page 36 of the Receiver's Complaint, beginning with "WHEREFORE" and denies each of the numbered paragraphs, 1, 2, and 3. Stewart Patridge denies the Receiver is entitled to relief requested or to any relief whatsoever from Stewart Patridge.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Receiver's Complaint fails to state a claim against Stewart Patridge for which relief can be granted. Therefore, the Receiver's claims against Stewart Patridge should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

The Receiver's claims against Stewart Patridge are barred by the doctrine of *in pari delicto*. The Receiver stands in the shoes of Adams and Madison Timber, the primary wrongdoers who controlled the Ponzi scheme that duped hundreds of people, including Gee Gee Patridge and Jimmy Patridge, Stewart Partridge's mother and father. Accordingly, the Receiver cannot seek damages or contribution from Stewart Patridge.

## THIRD AFFIRMATIVE DEFENSE

The Receiver's claims against Stewart Patridge are barred because the Receiver lacks standing to pursue claims on behalf of anyone other than Adams and Madison Timber.

## FOURTH AFFIRMATIVE DEFENSE

The Receiver's claims against Stewart Patridge are barred because he did not owe any legal duty to Adams or Madison Timber, and he did not breach any legal duty allegedly owing to Adams or Madison Timber.

## FIFTH AFFIRMATIVE DEFENSE

The Receiver's claims against Stewart Patridge are barred by the acts and omissions of Adams and Madison Timber; the acts and omissions of the representatives and agents of Adams and Madison Timber; and the acts and omissions of others for whom Stewart Patridge is not responsible. Stewart Patridge is not directly or proximately responsible for any damages that Adams and Madison Timber might have allegedly suffered. The Receiver's claims against Stewart Patridge are barred because Stewart Patridge complied at all times with all applicable standards of care.

## SIXTH AFFIRMATIVE DEFENSE

The Receiver's claims against Stewart Patridge are barred by the doctrines of contributory negligence, comparative fault, waiver, estoppel, failure of consideration, fraud, illegality, release, payment, accord and satisfaction, assumption of the risk, unclean hands, and by the failure of Adams and Madison Timber to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

The Receiver's claims against Stewart Patridge are barred because the Receiver failed to plead items of special damage and alleged fraud with sufficient particularity.

### EIGHTH AFFIRMATIVE DEFENSE

The Receiver's claims against Stewart Patridge for punitive damages are barred:  (a) By the Eighth Amendment to the United States Constitution and Section 28 of the Mississippi Constitution; (b) By the Fifth and Fourteenth Amendments to the United States Constitution prohibiting substantive and procedural due process violations; as well as by Section 14 of the Mississippi Constitution; (c) By the Fourteenth Amendment to the United States Constitution  guaranteeing equal protection under the laws; (d) By the Fourth, Fifth,  Sixth and Eighth Amendments to the United States Constitution and Sections 14, 17, 26, and 28 of the Mississippi Constitution to the extent such sanctions are attempted  to be imposed without requiring the burden of proof to be beyond a reasonable doubt;  (e) By the provisions of *Miss. Code Ann*. § 11 1-65; and (f) By the holdings of *United States Supreme Court in BMW v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leathimman Tool Group, Inc*., 532 U.S. 424 (2001), and *State Farm v. Campbell*, 538 U.S. 408 (2003).  Moreover, the Receiver's Complaint fails to state a claim against Stewart Patridge upon which  relief can be granted for punitive damages, the Receiver cannot prove the facts necessary under applicable law to substantiate an  award of punitive damages, and therefore Stewart Patridge affirmatively denies that he is liable to Adams and Madison Timber for punitive damages.

### NINTH AFFIRMATIVE DEFENSE

The Receiver's claims against Stewart Patridge are barred because the Receiver has not alleged, and the Receiver cannot show, that Stewart Patridge knew of Adams's fraud or that Madison Timber was a fraudulent scheme.

### TENTH AFFIRMATIVE DEFENSE

As  discovery has not been  completed in  this  matter,  Stewart Patridge affirmatively pleads

all applicable defenses available under Rules 12(b) and 8(c) of the Federal Rules of Civil Procedure, including but not limited to: insufficiency of process, insufficiency of service of process, failure to join a party under Rule 19, arbitration and award, assumption of the risk, coercion, duress, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, res judicata, collateral estoppel, business judgment rule, statute of frauds, statute of limitations, offset, contribution, waiver, indemnity, failure to give full and proper notice, release, payment, willful concealment of facts, unconscionability, unconstitutionality of punitive damages, and any other matter constituting an avoidance or affirmative defense.

## ELEVENTH AFFIRMATIVE DEFENSE

Stewart Patridge reserve the right to assert, and hereby gives notice that he intends to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this action and hereby reserve the right to amend this responsive pleading to assert such defenses.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

AND NOW, having fully answered each and every allegation of the Receiver's Complaint filed against him, Stewart Patridge respectfully requests this Court to dismiss the Receiver's claims against him with prejudice. Stewart Patridge also requests such other and further relief as the Court deems just and proper.

Respectfully submitted this, the 1st day of July, 2019.

**STEWART PATRIDGE**

By: _/s/J. Walter Newman IV_
    J. WALTER NEWMAN IV

J. Walter Newman IV, MSB No. 3832
NEWMAN & NEWMAN
587 Highland Colony Parkway
Ridgeland, MS 39157
Telephone: (601) 948-0586
Email: wnewman95@msn.com
Attorney for Stewart Patridge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing answers were electronically filed with the Clerk

of Court using the ECF system which sent notification of service to all counsel of record.

THIS the 1st day of July, 2019.

 */s/ J. Walter Newman IV*
**J. WALTER NEWMAN IV**
