UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BANKPLUS; BANKPLUS WEALTH MANAGEMENT, LLC; GEE GEE PATRIDGE, VICE PRESIDENT AND CHIEF OPERATING OFFICER OF BANKPLUS; STEWART PATRIDGE; JASON COWGILL; MARTIN MURPHREE; MUTUAL OF OMAHA INSURANCE COMPANY; and MUTUAL OF OMAHA INVESTOR SERVICES, INC.,<br><br>Defendants. | Case No. 3:19-cv-00196-CWR-FKB<br><br>Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*<br><br>Hon. Carlton W. Reeves, District Judge<br><br>Hon. F. Keith Ball, Magistrate Judge |

**MOTION FOR APPROVAL OF
PROPOSED SETTLEMENT WITH MARTIN MURPHREE**

Plaintiff Alysson Mills, in her capacity as the court-appointed receiver (the "Receiver") for Arthur Lamar Adams ("Adams") and Madison Timber Properties, LLC ("Madison Timber"), respectfully files this Motion for Approval of Proposed Settlement and states as follows:

*The Receiver's complaint*

1.

On March 20, 2019, the Receiver filed a complaint against BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operating Officer of BankPlus; Stewart Patridge; Jason Cowgill; Martin Murphree; Mutual of Omaha Insurance Company; and

Mutual of Omaha Investor Services, Inc. The complaint alleges that the defendants, financial institutions and their agents, lent their influence, their professional services, and even their customers to Madison Timber. The complaint further alleges that Martin Murphree received at least $374,937.50 in Madison Timber "commissions." The complaint seeks damages against all defendants and, relevant here, the return of Murphree's commissions to the Receivership Estate.

2.

Murphree answered the Receiver's complaint and denied any and all allegations of wrongdoing, asserting that at all times that he acted in good faith after exercising due diligence. Murphree further asserted that his actions at the time were based on false information supplied by others, and that in receiving the commissions described in the complaint, he did not have knowledge or information of the Madison Timber fraud, check-kiting, or Ponzi scheme activities alleged in the Receiver's complaint.

3.

As represented elsewhere, the Receiver welcomes the opportunity to resolve the Receivership Estate's claims against defendants efficiently, in the interests of the Receivership Estate. As a condition to negotiation, the Receiver has required defendants to make a full and complete financial disclosure.

4.

Murphree made financial disclosures to the Receiver on February 2, 2020, and has since provided numerous written supplements.

5.

Further, Murphree did something no other defendant in any of the Receiver's cases has done: attempt to voluntarily repay the Receivership Estate without any guarantee of a release of

any claims against him. To date, the Receiver has received a total of eighteen checks, each in the amount of $800 for a total of $14,400, which will be applied to the proposed settlement payment.

6.

With the assistance of Magistrate Judge Ball, the parties recently have agreed to a proposed settlement of the Receiver's claims against Murphree. The Receiver recommends that the Court approve the proposed settlement.

*Murphree's finances*

7.

The Receiver's complaint alleges, among other things, that Murphree received net "commissions," before taxes, of $374,937.50 between 2013 and 2018. When she filed her complaint, the Receiver did not know whether Murphree would be capable of returning any of that money to the Receivership Estate. The Receiver insisted on a full and complete financial disclosure by Murphree so that she could assess whether settlement with Murphree is viable and prudent.

8.

The Receiver obtained from Murphree sworn financial disclosures and supporting documentation.

*The Receiver's proposed settlement with Murphree*

9.

The Receiver and Murphree have undertaken extensive and thoughtful negotiations and the Receiver is satisfied that settlement with Murphree is in the Receivership Estate's best interests.

10.

As a precondition to settlement, Murphree has agreed to sign a consent judgment against him, in the full amount of $374,937.50, reflecting the net "commissions," before taxes, that he

received between 2013 and April 2018. The Receiver agrees to hold the consent judgment in trust unless and until Murphree defaults on the promissory note or proposed Settlement Agreement [**Exhibit A**]. Murphree agrees that, upon default, the Receiver can automatically and immediately move for the entry of the consent judgment against him.

11.

The proposed Settlement Agreement provides that Murphree shall execute a promissory note in the original principal amount of $374,937.50 due and payable in 3.5 years that may be prepaid in the amount of $98,081.25 if paid in 18 months or $229,309.38 if paid in 30 months. The Settlement Agreement further provides that Murphree will cooperate with the Receiver's ongoing efforts to recover money for the Receivership Estate, including by providing testimony as requested.

12.

The Receiver believes the settlement on the proposed terms is in the Receivership Estate's best interests.

13.

If Murphree required the Receiver to litigate her claim against him to final judgment, Murphree would be unable to pay the final judgment and likely would file for bankruptcy. If Murphree filed for bankruptcy, the Receivership Estate would compete with other creditors for a share of Murphree's assets. The final judgment would be virtually uncollectable.

14.

For all these reasons, the Receiver recommends settlement with Murphree on the proposed terms now.

15.

The Receiver does not believe a hearing is required prior to the Court's approval of the proposed settlement with Murphree. Unlike the settlement with other defendants, the proposed settlement with Murphree does not include a "bar order". Because the proposed settlement with Murphree does not include a "bar order," it does not affect the rights of other interested parties therefore the Receiver submits notice and hearing is not necessary.

———————————

WHEREFORE, the Receiver respectfully submits the foregoing for the Court's consideration and requests that the Court enter the proposed Order Approving Settlement.

October 27, 2021
Respectfully submitted,

*/s/ Lilli Evans Bass*

Lilli Evans Bass, Miss. Bar No. 102896
BROWN BASS & JETER, PLLC
1755 Lelia Drive, Suite 400
Jackson, Mississippi 39216
Tel: 601-487-8448
Fax: 601-510-9934
bass@bbjlawyers.com

*/s/ Kristen Amond*

Brent B. Barriere, *admitted pro hac vice*
FISHMAN HAYGOOD LLP
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Tel: 504-586-5252
Fax: 504-586-5250
bbarriere@fishmanhaygood.com
*Primary Counsel*

Kristen D. Amond, *admitted pro hac vice*
MILLS & AMOND LLP
650 Poydras Street, Suite 1525
New Orleans, Louisiana 70130
Tel: 504-383-0332
Fax: 504-733-7958
kamond@millsamond.com

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of Court using the ECF system which sent notification of filing to all counsel of record.

October 27, 2021                              /s/     Kristen Amond