UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BANKPLUS; BANKPLUS WEALTH MANAGEMENT, LLC; GEE GEE PATRIDGE, VICE PRESIDENT AND CHIEF OPERATING OFFICER OF BANKPLUS; STEWART PATRIDGE; JASON COWGILL; MARTIN MURPHREE; MUTUAL OF OMAHA INSURANCE COMPANY; and MUTUAL OF OMAHA INVESTOR SERVICES, INC., <br><br> Defendants. | Case No. 3:19-cv-00196-CWR-FKB <br><br> Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC* <br><br> Hon. Carlton W. Reeves, District Judge <br><br> Hon. F. Keith Ball, Magistrate Judge |

**ORDER APPROVING SETTLEMENT**

Before the Court is the Motion for Approval of Proposed Settlement filed by Plaintiff Alysson Mills, in her capacity as the court-appointed receiver (the "Receiver") for Arthur Lamar Adams ("Adams") and Madison Timber Properties, LLC ("Madison Timber"). The motion was filed in the case styled *Alysson Mills vs. BankPlus, et al.*, No. 3:19-cv-196 (S.D. Miss.), itself arising out of *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC*, No. 3:18-cv-252 (S.D. Miss.).

The motion asks the Court to approve the Receiver's proposed settlement with Martin Murphree.

After having considered the filings and arguments of counsel therein, the Court GRANTS the motion.

**BACKGROUND**

*The Receiver's complaint*

On March 20, 2019, the Receiver filed a complaint against BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operating Officer of BankPlus; Stewart Patridge; Jason Cowgill; Martin Murphree; Mutual of Omaha Insurance Company; and Mutual of Omaha Investor Services, Inc. The complaint alleges that the defendants, financial institutions and their agents, lent their influence, their professional services, and even their customers to Madison Timber. The complaint further alleges that Martin Murphree received at least $374,937.50 in Madison Timber "commissions." The complaint seeks damages against all defendants and, relevant here, the return of Murphree's commissions to the Receivership Estate.

As represented elsewhere, the Receiver welcomes the opportunity to resolve the Receivership Estate's claims against defendants efficiently, in the interests of the Receivership

Estate. As a condition to negotiation, the Receiver has required defendants to make a full and complete financial disclosure.

Murphree made financial disclosures to the Receiver on February 2, 2020, and has since provided numerous written supplements.

Further, Murphree did something no other defendant in any of the Receiver's cases has done: attempt to voluntarily repay the Receivership Estate without any guarantee of a release of any claims against him. To date, the Receiver has received a total of eighteen checks, each in the amount of $800 for a total of $14,400, which will be applied to the proposed settlement payment.

With the assistance of Magistrate Judge Ball, the parties recently have agreed to a proposed settlement of the Receiver's claims against Murphree. The Receiver recommends that the Court approve the proposed settlement.

*Murphree's finances*

The Receiver's complaint alleges, among other things, that Murphree received net "commissions," before taxes, of $374,937.50 between 2013 and 2018. When she filed her complaint, the Receiver did not know whether Murphree would be capable of returning any of that money to the Receivership Estate. The Receiver insisted on a full and complete financial disclosure by Murphree so that she could assess whether settlement with Murphree is viable and prudent. The Receiver obtained from Murphree sworn financial disclosures and supporting documentation.

*The Receiver's proposed settlement with Murphree*

The Receiver and Murphree have undertaken extensive and thoughtful negotiations and the Receiver is satisfied that settlement with Murphree is in the Receivership Estate's best interests.

As a precondition to settlement, Murphree has agreed to sign a consent judgment against him, in the full amount of $374,937.50, reflecting the net "commissions," before taxes, that he

received between 2013 and April 2018. The Receiver agrees to hold the consent judgment in trust unless and until Murphree defaults on the promissory note or proposed Settlement Agreement. Murphree agrees that, upon default, the Receiver can automatically and immediately move for the entry of the consent judgment against him.

The Settlement Agreement provides that Murphree shall execute a promissory note in the original principal amount of $374,937.50 due and payable in 3.5 years that may be prepaid in the amount of $98,081.25 if paid in 18 months or $229,309.38 if paid in 30 months. The Settlement Agreement further provides that Murphree will cooperate with the Receiver's ongoing efforts to recover money for the Receivership Estate, including by providing testimony as requested.

The Receiver believes the settlement on the proposed terms is in the Receivership Estate's best interests. If Murphree required the Receiver to litigate her claim against him to final judgment, Murphree would be unable to pay the final judgment.

For all these reasons, the Receiver recommends settlement with Murphree on the proposed terms now, and the Court accepts her recommendation.

The Receiver does not believe a hearing is required prior to the Court's approval of the proposed settlement with Murphree, and the Court agrees. Unlike the settlement with other defendants in other cases brought by the Receiver, the proposed settlement with Murphree does not include what is known as a "bar order". Because the proposed settlement with Murphree does not include a "bar order" it does not affect the rights of other interested parties, therefore notice and hearing is not necessary.

# ORDER

Having considered the filings and arguments of counsel therein, the Court finds that the terms of the Settlement Agreement are adequate, fair, reasonable, and equitable. The Settlement Agreement should be and is hereby **APPROVED**.

Accordingly, the Court hereby **ORDERS** as follows:

1. The terms used in this Order Approving Settlement that are defined in the Settlement Agreement between the Receiver and Murphree, unless expressly otherwise defined herein, shall have the same meaning as in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this action, and the Receiver is a proper party to seek entry of this Order Approving Settlement.

3. The Settlement Agreement was reached after a full investigation of the facts by the Receiver. The Settlement Agreement was negotiated, proposed, and entered into between the Receiver and Murphree in good faith and at arm's length. The parties were well-represented and competent to evaluate the strengths and weaknesses of all claims and defenses.

4. The Settlement Agreement will generate a greater recovery to the Receivership Estate than would be the case were the Receiver to obtain and attempt to collect on a final judgment against Murphree in the amount prayed for in the captioned action.

5. The parties and their counsel have at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

6. The Court finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate, and in the best interests of all parties claiming an interest in or asserting any claim against Murphree or the Receivership Estate.

7. The Settlement Agreement, the terms of which are fully set forth in the document itself, is hereby fully and finally approved. The parties are directed to implement and consummate the Settlement Agreement in accordance with its terms and with this Order Approving Settlement.

8. Nothing in this Order Approving Settlement or the Settlement Agreement and no aspect of the Settlement Agreement or negotiation thereof is or shall be construed to be an admission or concession of any violation of any statute or law, of any fault, liability, or wrongdoing, or of any infirmity in the claims or defenses of any party in any other proceeding.

9. Murphree shall execute the Promissory Note in accordance with the terms of the Settlement Agreement. The Court specifically directs Murphree to abide by the cooperation covenants set forth in the Settlement Agreement.

10. Upon Murphree's satisfaction of his obligations under the Settlement Agreement, the Receiver shall file a motion to dismiss her claims against Murphree.

11. Without in any way affecting the finality of this Order Approving Settlement, the Court retains continuing and exclusive jurisdiction over the parties for the purposes of, among other things, the administration, interpretation, consummation, and enforcement of the Settlement Agreement.

**SO ORDERED**, this the 3rd day of December, 2021.

                                                s/ Carlton W. Reeves
                                              UNITED STATES DISTRICT JUDGE