UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALYSSON MILLS, IN HER CAPACITY AS RECEIVER FOR ARTHUR LAMAR ADAMS AND MADISON TIMBER PROPERTIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BANKPLUS; BANKPLUS WEALTH MANAGEMENT, LLC; GEE GEE PATRIDGE, VICE PRESIDENT AND CHIEF OPERATING OFFICER OF BANKPLUS; STEWART PATRIDGE; JASON COWGILL; MARTIN MURPHREE; MUTUAL OF OMAHA INSURANCE COMPANY; MUTUAL OF OMAHA INVESTOR SERVICES, INC.; FEDERAL INSURANCE COMPANY; and CONTINENTAL CASUALTY COMPANY,<br><br>Defendants. | Case No. 3:19-cv-196-CWR-BWR<br><br>Arising out of Case No. 3:18-cv-252, *Securities and Exchange Commission v. Arthur Lamar Adams and Madison Timber Properties, LLC* |

**FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE**

Before the Court is a consent motion filed by Alysson Mills, in her capacity as the court-appointed receiver for Arthur Lamar Adams and Madison Timber Properties, LLC (the Receiver), to dismiss with prejudice all claims against all remaining defendants: BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operating Officer of BankPlus; Stewart Patridge; Jason Cowgill; Federal Insurance Company; and Continental Casualty Company (collectively, the BankPlus parties).

In October 2023 the Receiver and the BankPlus parties entered a Settlement Agreement[1] by which they resolved any and all remaining claims in this lawsuit. The Court approved the Settlement Agreement and entered a Partial Final Judgment and Final Bar Order on November 14, 2023.[2] The terms of the Partial Final Judgments and Final Bar Orders are incorporated herein by reference.

The Receiver advises that the BankPlus parties have now paid amounts in full due under the Settlement Agreements and have fully complied with their obligations under the Settlement Agreement and the Partial Final Judgments and Final Bar Orders. Consistent with the Settlement Agreements and the Partial Final Judgments and Final Bar Orders, the Receiver has moved to dismiss fully and finally with prejudice, without costs or attorneys' fees, all claims against the BankPlus parties. The Receiver has also advised the Court that the BankPlus parties have consented to entry of this Final Judgment of Dismissal With Prejudice.

Federal Rule of Civil Procedure 41(a)(2) provides that where a defendant has already answered a plaintiff's complaint, an action may be dismissed at the plaintiff's request only by court order.

The Receiver's motion is well-taken. The Court **GRANTS** the Receiver's motion.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED and DECREED that all claims and causes of action against Defendant BankPlus; BankPlus Wealth Management, LLC; Gee Gee Patridge, Vice President and Chief Operating Officer of BankPlus; Stewart Patridge; Jason Cowgill; Federal Insurance Company; and Continental Casualty Company are dismissed with prejudice, with each party to bear their own costs and attorneys' fees.

---

[1] 372-2, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).
[2] 391, Securities & Exchange Commission vs. Adams, et al., No. 3:18-cv-00252 (S.D. Miss).

DATED: 01/29/2024        _____

                         Honorable Carlton W. Reeves

                         United States District Judge